## ROBBINS vs. AYRES.

1. If A covenant [with B, for the benefit of C, suit cannot be brought on the covenant in the name of C, but only in the name of B, to the use of C.

2. But if A, make to B, for a valuable consideration, a promise not under seal, for the benefit of C, C may maintain an action in his own name on such promise. The promise need not be in writing and is not within the statute of frauds.

3. If A make to B, such a promise for the joint benefit of several, suit must be brought in the name of all. If however the interest of each beneficially interested, be specified in the promise, then each may separately maintain his action.

4. A covenant merges all prior simple contracts, and a simple contract afterwards made, is inoperative.

## APPEAL from St. Louis Circuit Court.

PRIMM & WHITTELSEY, *for Appellant, insist*:

1. That a stranger to the consideration can maintain no action, and if this be good law, the

court erred in refusing the defendant's instructions. See Price vs. Easton, 4 Barn. & Ald., 433; affirming the case of Crow vs. Rogers, 1 Strange, 592; Bent vs. Brainerd, 1 Mo. R., 285; Thornton vs. Smith, *et al.*, 7 Mo. R., 89; Chauvin vs. Labarge, 1 Mo., 556; Wain vs. Walters, 5 East. R., 10; 2 Smith's L. C., 147; Law Library, 21, 107.

A similar rule applies to deeds, that none but parties to a deed can sue upon it, and then the instruction was erroneously refused. Southampton, *et al.* vs. Brown, 6 Barn. & Cress., 618.

2. The next point made is, that unless Robbins did agree *in writing*, the promise under the statute of frauds, would be void. See Rev. Code, Mo., 1835, p. 117; Code 1845, ch. 68, p. 530; Birkney vs. Darnell, Salkeld 7; 1st Smith's L. cases, 134 & notes. And if this agreement was made in the form of a covenant by Robbins with Dickinson, then the plaintiff, if he had any interest in the deed, should have sued on the same, making himself a party thereto by proper averments, and he cannot use the writing merely as evidence on the general issue in an action of assumpsit, for the defendant Robbins having elected in what form and manner he would become liable for the debts of Dickinson, the defendant cannot vary the liability, and therefore the instruction was erroneously refused. Wain vs. Walters.

3. If the agreement between Dickinson & Robbins (which, if the defendant used, to prove the defendant's liability,) was under seal, then assumpsit will not lie, and the court sitting as a jury, should have found for the defendant. See 1 Chit. Pl., 117, n. t. & n. 256; Lawton vs. Erwin, 9 Wend. R., 233; People vs. Holmes, 5 Wend., 191; Richards vs. Killam, 10 Mass., 243, 247; Anderson vs. Montgomery, 19 J. R., 162; Codman vs. Jenkins, 14 Mass., 93.

4. If the promise is by deed, the suit must be debt or covenant. 1 Chit. Pl., 117, n. t. n., 256; 9 Wend., 338; 5 Wend., 191. And a special action of assumpsit cannot be maintained, much less one on the common counts. See express decision of Mass. courts, per C. J. Sewall, 10 Mass. R., 247; Richards vs. Killam.

5. The suit therefore should have been on the deed, in the name of Dickinson, to use of Ayres, or covenant in the name of Ayres. Lawton vs. Erwin, 9 Wend., 338; People vs. Holmes, 5 Wend., 191; Richards vs. Killam, 10 Mass., 244, 247.

6. The promise of Robbins was to pay the hands $600, it was therefore a joint promise to pay all jointly, and one cannot sever and sue alone. And the court should therefore have found for the defendant. And a promise to pay jointly must be sued on by all. 1 Chit. Pl., m. y. & n. 14; Baker vs. Jewell, 6 Mass. R., 462; Montague vs. Smith, 13 Mass. R., 405; Wells vs. Gaty, *et al.*, 9 Mo. R., 565.

**EAGER & HILL,** *for Appellee, insist:*

1. That the plaintiff Ayres had a lien on the Diving Bell boat for his wages as a hand, and the defendant having bought the said boat of Dickinson, in consideration of the premises, promised to pay the plaintiff for his wages on said boat.

2. The promise to pay the plaintiff his wages, was founded on a good consideration moving between the parties to this suit at the time, and therefore is not within the statute of frauds.

3. The consideration is original and cannot be held to be collateral.

4. The plaintiff hath foregone his lien, and has relied on the defendant's promise, he has therefore lost his security against the boat.

5. As to all the work done by the plaintiff on the Diving Bell boat, after the sale in December, 1842, up to the middle of February, 1843, the defendant being then owner, the judgment is valid for so much as those services were worth.

**SCOTT, J.,** *delivered the opinion of the Court.*

This was an action of assumpsit on the common counts, and a special

count; plea, non-assumpsit; verdict and judgment for Ayres, plaintiff below.

It appears that H. B. Dickinson was the owner of a diving bell boat, used in taking up the cargoes of steamboats that had been sunk. The boat was employed in the Mississippi. While employed, Dickinson sold out to the appellant, defendant below. An instrument of writing under seal, was executed between Dickinson & Robbins, by which Dickinson sold the boat to Robbins, and Robbins stipulated to pay the hands employed on the boat the sum of six hundred dollars, for services they had rendered. This instrument was read to the hands and they accepted its terms. There was also evidence that Robbins at the time declared that he would pay the hands the sum of $600, or that he said he would see them paid that sum. After the sale the boat was taken to Memphis, and whilst there, Dickinson drew an order on Robbins in favor of the plaintiff below, which was protested. It appears from the evidence that the instrument of writing between Dickinson & Robbins, was left with Robbins.

The special count in the declaration, was on the parol promise of Robbins to Dickenson, that he would pay the hands the sum of six hundred dollars.

The trial of the cause was submitted to the court sitting as a jury, and the court was asked to declare the law to be as is stated in the following instructions on the part of the defendant, which were given, viz:

"If the jury believe from the evidence, that an agreement under seal was made between Dickinson & Robbins, for the payment of six hundred dollars to the hands, and not to each, his proportion, then all the hands have a joint interest, and they cannot sever and sue alone."

"If the jury believe from the evidence, that the defendant's agreement was to pay the hands jointly, six hundred dollars, the defendant cannot sue alone."

"If the jury believe from the evidence, that the defendant's promise, was to pay the plaintiff jointly, with several others who are not joined in suit, then the plaintiff cannot recover."

"If the jury believe from the evidence, that the original indebtedness for the work and labor of the plaintiff, was by Dickinson to plaintiff, that then the promise of the defendant is void under the statute of frauds, and unless the same was in writing and signed by the defendant or his agent thereto lawfully authorized, or unless there was there some new consideration of benefit passed from said Dickinson to the defendant."

And refused the following instructions, asked by the defendant, viz:

"If the jury believe from the evidence, that no consideration passed from the plaintiff to the defendant, for his promise by deed to Dickinson to pay the hands six hundred dollars, then the plaintiff is a stranger to the consideration and cannot recover in this action."

"If the jury believe from the evidence, that the agreement between Dickinson & Robbins was under seal, then the plaintiff cannot recover in this form of action."

"If the jury believe from the evidence, that the defendant was a trustee, for certain purposes in the deed spoken of by the witnesses, and especially to reserve and pay the hands six hundred dollars, then the plaintiff cannot recover in this action."

"If the jury believe from the evidence, that the instrument of writing, executed by Dickinson and the defendant, upon which the plaintiff claims to recover, in this action, was a sealed instrument, the jury must find for the defendant."

"If the jury believe from the evidence, that an agreement under seal was made between Dickinson & Robbins, that six hundred dollars should be reserved from the proceeds of wrecks and other property for the payment of the hands, then the plaintiff cannot recover in this form of action."

"If the jury believe from the evidence, that the plaintiff was a stranger to the consideration of the deed between Dickinson & Robbins, then the plaintiff cannot recover in this action."

"The diving bell boats, are not boats used in navigating the waters of this State, and for work and labor done and performed upon said boats, the plaintiff could, under the statutes of this State, have no lien, and the relinquishment of any supposed lien, when no lien legally existed, could not form a legal and valuable consideration for the defendant's promise to the plaintiff, as alleged in the plaintiff's declaration, either under the special or common counts."

"If the jury believe from the evidence, that the consideration of the defendant's promise to the plaintiff was the sale of property by Dickinson to defendant, then the plaintiff cannot recover in this action."

Exceptions were taken to the refusal to give these instructions.

If the liability of Robbins was evidenced by an instrument under seal, he could not be sued but by him with whom he covenanted. If he agreed with Dickinson to pay the hands on the boat the sum of $600, the hands cannot maintain an action on the covenant. Chitty, 3. If however, there was a simple contract, for a valuable consideration made with Dickinson to pay the hands, those hands might maintain an action upon

it. There is, in such case, no necessity of a consideration moving from the hands. Bank of Missouri vs. Benoist & Hackney, decided at this term of the court. The statute of frauds, has nothing to do with such a contract; it is not within its terms or meaning, and therefore need not be in writing to be valid. Barker vs. Bucklin, 2 Denio, 45. The hands by suitable averments may show, that they were the individuals intended by the promise. Fellows vs. Gilman, 4 Wend., 414.

We do not perceive the principle on which the hands named in the contract can sue separately, admitting they had a right of action. It does not appear that the money agreed to be paid them, was to be equally divided, nor even does the number of hands appear. If each hand was permitted to bring a separate action, the defendant might be compelled to pay more than he promised. One plaintiff may recover a sum; the sum thus recovered, will be no evidence on a suit by another hand, that he was entitled to the amount. A portion of the hands may recover the whole sum promised; would the other hands be thereby precluded from recovering the sums to which they were respectively entitled? This is not like the case of Whorewood vs. Shaw, Yel., 25, in which it was held that a bill of debt, in which C acknowledged that he had received forty pounds, to the use of A & B, equally to be divided, creates a debt of £20 to each, on which each may sue. Nor does it come within the principle, that when the interest of two or more covenantees is several, though the covenant be joint, each of them may bring an action for his particular damages. But it rather falls within the principle of the case stated by Chitty, 10, where A & B, brought an action of assumpsit and declared, that their several cattle had been distrained, and that the defendant in consideration of ten pounds paid him by the plaintiff, promised to procure a re-delivery of the cattle; it was objected that the action should have been several, but it was held that the action was well brought jointly by A & B, as the contract and consideration were joint, and it was not known *how much one gave, and how much the other.*

If there was a covenant by Robbins with Dickinson, to pay the hands the sum of six hundred dollars, that covenant would merge all simple contracts, and a simple promise to pay that sum afterwards would be inoperative. If there was a covenant with Dickinson to pay the hands, suit may be brought in the name of Dickinson for the benefit of the hands.

The other Judges concurring, the judgment will be reversed.