JOHN FITZGERALD, Appellant, *v.* JOHN BARKER, Respondent.

### May 22, 1877.

Where a mortgageor conveys real estate, and the conveyance contains a statement that the grantee will assume and pay the note which the mortgage is given to secure, and the grantee accepts the same and enters into possession of the premises, he becomes directly and personally liable to the holder of the note and mortgage for the amount due.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*

JOHN G. CHANDLER, for appellant: A third party may bring an action on a promise made for his benefit by another. — *Robbins* v. *Ayers*, 10 Mo. 538 ; *Meyer* v. *Lovell*, 44 Mo. 328 ; *Rogers* v. *Gosnell*, 51 Mo. 466 ; 58 Mo. 589 ; *Schuster* v. *Kansas City, etc., R. Co.*, 60 Mo. 290. Liability of the purchaser of mortgaged property to discharge the encumbrance, under stipulation in the deed. — *Richardson* v. *Sanderson*, 41 N. Y. 179 ; *Burr* v. *Beers*, 24 N. Y. 178 ; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253 ; *Marsh* v. *Pike*, 10 Paige, 595.

BAKEWELL, J., delivered the opinion of the court.

The petition of plaintiff states that one Thomas, by deed of November 2, 1872, conveyed to defendant certain real estate, with general warranty, except against a deed of trust

on the same property given by Thomas to secure certain notes made by him. These notes are two principal notes of $2,000 each, payable two years after date, and interest notes, all dated November 1, 1872, and payable to the order of Thomas, the maker. The petition further states that defendant assumed and agreed to pay these notes, which assumption and agreement were incorporated in the deed from Thomas to defendant; that plaintiff, at the date of said deed, was the holder and owner of one of said principal notes of $2,000, and of the four interest notes payable thereon, which notes are fully described; that defendant accepted said deed, and entered into possession thereunder, by reason of all which he became and is liable to pay to plaintiff the last-described notes, which plaintiff holds and owns; that defendant paid to plaintiff the first-maturing interest note, but that the remaining notes remain unpaid and are due. Plaintiff asks judgment for the amount of the notes held and owned by him, and interest and costs.

Defendant demurred, and for grounds of demurrer alleged:

1. That there is no consideration for the alleged promise moving from plaintiff to defendant.

2. That there is no privity of contract as between plaintiff and defendant.

The demurrer was sustained; plaintiff declined further to plead, and there was judgment for defendant; and plaintiff appeals.

It is now the prevailing rule in this country that a third party may bring an action on a promise made to another for his benefit; and it is often said that such a promise is to be considered as made to the third party, if adopted by him, though not cognizant of it when made. 1 Pars. on Con. 466, sec. 15. This rule was long ago established in Missouri. In *Robbins* v. *Ayers*, 10 Mo. 538, defendant bought a boat, and, as part of the consideration, agreed to pay $600 due the hands. It was held that the hands might sue

in their own names, as the contract was not under seal. In *Meyer* v. *Lowell*, 44 Mo. 328, Lowell bought out Howell & Co., and assumed, in writing, to pay an account due by them to Meyer, so far as it should be correct, within six months from date. There was no privity of contract with Meyer, but he was permitted to sue and recover upon the contract in his own name, the court holding him not to be in such a sense a stranger to the consideration as to prevent him from suing on the contract.

In *Rogers* v. *Gosnell*, 51 Mo. 466, the promise upon which plaintiffs sought to recover was embodied in a contract under seal, to which plaintiffs were not parties, and it was urged that no one but a covenantee can sue on a covenant; that plaintiffs, not being parties, could not maintain any action upon a contract under seal; and the attention of the court was called to the distinction noticed by Judge Scott in *Robbins* v. *Ayers*. But the Supreme Court decided that the distinction ought no longer to be kept up; said that it had been abandoned in New York; and decided that when a covenant is for the benefit of a third person, he may maintain the action in his own name.

In *Ricard* v. *Sanderson*, 41 N. Y. 179, and in other cases in the New York Reports, it is held that where one receives from a mortgageor a conveyance of land, in which conveyance is inserted a stipulation that the party of the second part shall, as part consideration, discharge the mortgage, the purchaser becomes directly and personally liable to the holder of the mortgage for the amount due, though the deed containing the stipulation was not signed by the grantee. *Burr* v. *Beers*, 24 N. Y. 178; *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253.

We think that the demurrer to the petition was improperly sustained. The judgment of the Circuit Court is reversed and the cause remanded. Judge HAYDEN concurs; Judge LEWIS absent.