FITZGERALD v. BARKER, *Appellant.*

**Assumption of Another's Debt by Acceptance of Deed with Recital** If a purchaser of land accepts and holds under a conveyance which contains a clause reciting that he has assumed and agrees to pay a note secured by a subsisting mortgage on the land, he thereby subjects himself to a liability which the holder of the note may enforce by a personal action. (*Heim v. Vogel*, 69 Mo. 529.)

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Seneca N. Taylor* for appellant.

There was no consideration moving from plaintiff to defendant to support the promise; *Page v. Becker*, 31 Mo. 466; *Manny v. Frasier*, 27 Mo. 419; and no privity of contract between them. The promise of Barker to assume and pay the deed of trust notes, which were outstanding as an incumbrance upon the property, was solely for the benefit of Thomas. It was not the intention of the parties by their contract that Fitzgerald should receive any additional security for his debt, but that Barker should indemnify and save Thomas harmless as to such debt. *Ham v. Hill*, 29 Mo. 278; *Mellon v. Whipple*, 1 Gray 317; *Pike v. Brown*, 7 Cush. 133; *National Bank v. Grand Lodge*, 98 U. S. 123; *Brannan v. Dowse*, 12 Cush. 228; *Thomas v. Durgin*, 119 Mass. 500; *Foster v. Atwater*, 42 Conn. 250; *Beard v. Morris*, 12 Serg. & R. 16; *Kearney v. Tanner*, 17 Serg. & R. 94; *Campbell v. Shrum*, 3 Watts 60; *Burke v. Gunnerly*, 49 Pa. St. 518; *Woods v. Huntingford*, 3 Ves. 130; *Tweddell v. Tweddell*, 2 Bro. C. C. 101.

*John G. Chandler* for respondent.

An action lies on a promise made by the defendant, upon a valid consideration, to a third party for the benefit of the plaintiff, although plaintiff was not privy to the

consideration ; and such promise is to be deemed made to the plaintiff, if adopted by him, though he was not a party to or cognizant of it when made. *Meyer v. Lowell*, 44 Mo. 328 ; *Flanagan v. Hutchinson*, 47 Mo. 237 ; *Rogers v. Gosnell*, 51 Mo. 466 ; *s. c.*, 58 Mo. 589 ; *Schuster v. K. C., St. Jo. & C. B. R. R. Co.*, 60 Mo. 290 ; *Bank v. Benoist*, 10 Mo. 519 ; *Cress v. Blodgett*, 64 Mo. 449 ; *Robbins v. Ayres*, 10 Mo. 538 ; *Amonett v. Montague*, 63 Mo. 201 ; *Schemerhorn v. Vanderheyden*, 1 Johns. 139 ; *Ellwood v. Monk*, 5 Wend. 235 ; *Farley v. Cleveland*, 4 Cow. 432 ; *Lawrence v. Fox*, 20 N. Y. 268 ; *Coster v. Albany*, 43 N. Y. 399 ; *Van Schaick v. Third Ave. R. R.*, 38 N. Y. 346 ; *Ricard v. Sanderson*, 41 N. Y. 179 ; *Barker v. Bradley*, 42 N. Y. 316 ; *Belmont v. Coman*, 22 N. Y. 438 ; *Claflin v. Ostrom*, 54 N. Y. 581 ; *Cooley v. Howe Mach. Co.*, 53 N. Y. 620 ; *Glen v. Hope Mut. Life Ins. Co.*, 56 N. Y. 379 ; *Felton v. Dickinson*, 10 Mass. 287 ; *Arnold v. Lyman*, 17 Mass. 400 ; *Hall v. Marston*, 17 Mass. 575 ; *Carnegie v. Morrison*, 2 Met. 381 ; *Dutton v. Pool*, 2 Levinz 212 ; *Kimball v. Noyes*, 17 Wis. 695 ; *Sanders v. Clason*, 13 Minn. 379 ; *Jordan v. White*, 20 Minn. 91 ; *Cross v. Truesdale*, 28 Ind. 44 ; *Devol v. McIntosh*, 23 Ind. 529 ; *Day v. Patterson*, 18 Ind. 114 ; *Allen v. Thomas*, 3 Met. (Ky.) 198 ; *Wiggans v. McDonald*, 18 Cal. 126 ; *Miller v. Florer*, 15 Ohio St. 148 ; *In re Downing*, 1 Dillon 33 ; 1 Parsons Cont., (5th Ed.) 467, 468 ; 2 Greenleaf Ev., § 109 ; Pomeroy on Rem. and Rem. Rights, § 139. The doctrine of the above cases is applicable to an assumption of a mortgage debt. *Stebbins v. Hall*, 29 Barb. 524 ; *Burr v. Beers*, 24 N. Y. 178 ; *Thorp v. Keokuk Coal Co.*, 48 N. Y. 253 ; *Halsey v. Reed*, 9 Paige 446 : *Marsh v. Pike*, 10 Paige 595 ; *Cornell v. Prescott*, 2 Barb. 16 ; *Blyer v. Monholland*, 2 Sand. Ch. 478 ; *Cherry v. Monro*, 2 Barb. Ch. 618 ; *Jumel v. Jumel*, 7 Paige 594 ; *Ferris v. Crawford*, 2 Denio 595 ; *Tillotson v. Boyd*, 4 Sand. 516 ; *Murray v. Smith*, 1 Duer 412 ; *Trotter v. Hughes*, 7 Kern. 74 ; *Jordan v. White*, 20 Minn. 91.

HOUGH, J.—The petition in this case states in substance, that on the 2nd day of November, 1872, one Thomas conveyed to defendant, Barker, certain real estate subject, however, to a deed of trust thereon, previously executed by said Thomas to secure the payment of sundry notes in said trust deed described; that the deed from Thomas to the defendant contained a clause reciting that the defendant assumed and agreed to pay the several notes so secured by said trust deed; that the defendant accepted said deed and thereunder entered into possession of the property thereby conveyed; that by virtue thereof the defendant assumed and became liable to pay the amount of said notes to plaintiff, who is the owner and holder thereof, and that said notes, specifying them, are all due and unpaid. To this petition the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action; First, Because there was no consideration for the alleged promise, moving from the plaintiff to the defendant. Second, Because there was no privity of contract between the plaintiff and defendant. The court sustained the demurrer, and the plaintiff having declined to plead further, final judgment was rendered for defendant. The court of appeals reversed the judgment of the circuit court, and the defendant has appealed to this court.

It is well established in this State that a party for whose benefit a stipulation in a simple contract is made, may maintain a suit on such stipulation in his own name. *Bank v. Benoist*, 10 Mo. 519; *Robbins v. Ayres*, 10 Mo. 538; *Meyer v. Lowell*, 44 Mo. 328; *Flanagan v. Hutchinson*, 47 Mo. 237. In the case of *Rogers v. Gosnell*, 51 Mo. 466, this rule was extended to covenants made for the benefit of a third person; the old rule that no one but a convenantee can sue on a covenant being distinctly repudiated by this court in that case. In the recent case of *Heim v. Vogel*, 69 Mo. 529, it was directly decided that when a grantee accepts a deed poll containing a statement that the land con-

veyed is subject to a mortgage which the grantee assumes and agrees to pay, a promise by the grantee for the benefit of the mortgageor, is implied therefrom, and the grantee thereby becomes personally liable to the mortgagee for the mortgage debt. The judgment of the court of appeals must, therefore, be affirmed. All concur.