JOHN FITZGERALD, Appellant, *v.* JOHN BARKER,
Respondent.

**January 16, 1883.**

1. AGREEMENT TO PAY NOTE BY ACCEPTANCE OF DEED. — A grantee of land who, in the deed, agrees to pay a negotiable promissory note executed by his grantor and secured by a deed of trust upon the land, is liable, on that promise, to the holder of the note.

2. WHEN LIABILITY WILL ARISE. — It is not essential to such a liability that the note shall have been delivered, or put in circulation, at the time of the agreement.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*

EDWARD WHITE, for the appellant.

TAYLOR & POLLARD, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

It appears from the record that, by a deed of trust dated November 1, 1872, John S. Thomas and wife conveyed certain real estate to J. G. McClellan, as party of the second part and trustee, to secure George A. Rubleman, party of the third part, upon an indebtedness which is recited thus: " Whereas, the said parties of the first part stand justly indebted to the party of the third part in the sum of two thousand dollars, and for which said parties of the first part have delivered to party of the third part certain promissory notes described as follows, to wit: One note for the sum of two thousand dollars, payable two years after date, and four interest notes for one hundred dollars each, payable respectively in six, twelve, eighteen, and twenty-four months after date, all of said notes bearing even date herewith, executed by said John S. Thomas, for value received, to the order of himself, etc." This deed was filed for record on November 13, 1872.

The testimony tends further to show that, by deed dated November 2, 1872, Thomas and wife conveyed the same

real estate to the defendant. This deed was also filed for record on November 13, 1872, and contained the following stipulations : —

" The said parties of the first part hereby covenanting that they will warrant and defend the title to the said party of the second part, his heirs and assigns, against the lawful claims of all and every person or persons whatsoever claiming or to claim the same or any part thereof, excepting against the following named deed of trust notes on the within described property, to wit : Two notes of two thousand dollars each, payable two years after date, and eight interest notes for one hundred dollars each, payable respectively at six, twelve, eighteen, and twenty-four months after date, all of said notes being made by said John R. Thomas, and payable to his own order, which party of the second part assumes and agrees to pay."

The plaintiff, claiming as holder of the notes described in this deed, sues to enforce payment against the defendant, by reason of his assumption expressed therein. There was testimony tending to show that the plaintiff did not acquire the notes until after the filing of the deeds for record, and that he then received them from Thomas, in part payment of a debt. The circuit court declared that, on the whole case, as made, the plaintiff could not recover.

This case has been here before. (4 Mo. App. 105.) It was then held by this court, reversing the judgment of the circuit court, that an assumption by the grantee of mortgaged lands, of the mortgage indebtedness, could be enforced against him by the holder of the mortgage claim, as a personal obligation ; and in effect, that this is true, even though the deed containing the stipulation be not signed by the grantee, though the claimant be not cognizant of the promise, when made, and though there be no actual privity of contract between him and the grantee making the promise. Our judgment was affirmed by the supreme court. ( 70 Mo. 685.)

It is now insisted for the defendant that his promise, if effectual for any purpose, was for the benefit of Rubleman only, the beneficiary in the deed of trust, and that the plaintiff can maintain no action without an assignment from that beneficiary. This argument seems to ignore the facts in the case, not less than the well-understood attributes of negotiable instruments. The defendant here assumes and agrees to pay, not the mortgage, nor the then holder of the mortgage, but the notes described in the deed to him. The notes are said to be secured by a deed of trust or mortgage, against which the grantor refuses to covenant. But this is a mere incident, and does not change the identity of the subject of the promise. A promise or undertaking, in whatever shape, to pay a negotiable note, is not made for the exclusive benefit of the present holder, but may be enforced with equal effect by one who is an entire stranger to the matter at the time of the undertaking, but who afterwards becomes the lawful owner of the paper. If, when this suit was commenced, the plaintiff was owner of the notes which the defendant has promised to pay, neither his title, nor the defendant's liability, can be affected by the recitals in a deed of trust to which neither was a party. These recitals being, so far as the defendant is concerned, mere matter of description, could not, in any event, have any materiality, since the identification of the notes whose payment he intended to assume, is not a subject of controversy. The notes were indorsed in blank. They were therefore transferable by mere delivery from hand to hand. Whether Rubleman had once owned them or not, by virtue of such a delivery, is of no consequence, if, as is not disputed, the plaintiff had acquired them by a like delivery, before the institution of this proceeding. Much that has here been said might be inapplicable, if this were a suit to foreclose the deed of trust. Instead of this, it proceeds against the defendant upon his personal promise to pay the notes, in consideration, and in part payment, of the purchase price of land conveyed to him by Thomas.

It seems to have been supposed that, inasmuch as the notes were drawn payable to the order of the maker, and had not passed from him to the plaintiff, when the defendant assumed to pay them, therefore, there was nothing *in esse* to which the defendant's promise could attach, when made, and no such promise can be enforced by law. But, is it true that a binding promise may not be made with reference to a future entity, as well as with reference to one already existent? If a party contract for the building of a house, may he afterwards refuse payment on the ground that the house was not in existence when he made the promise? May not A. for a sufficient present consideration, bind himself to pay a debt to be hereafter incurred by B. as effectually as if the debt were already due? The defendant here promises, for a consideration unquestionably sufficient, to pay, at their maturity, certain notes which are identified by a specific description. The plaintiff produces in court, notes substantially answering that description, and demands a fulfilment of the promise. Is there any just principle upon which the defendant may be heard to deny that these notes were in his contemplation, without an attempt to show what others, if any, were so ; and this while he still enjoys the fruits of the valuable consideration upon which his promise was founded? We know of nothing in the well-understood functions of negotiable paper, or in the policy of its employment in commercial transactions, that is not abhorrent to such a view of the rights and liabilities pertaining thereto. Although we find no case directly in point, our impressions seem to be fully justified by an authoritative analogy. "Whenever a bill or note is payable to a certain person or order, it is payable to whomsoever the payee named may, by indorsement, order it to be paid." 1 Dan. Neg. Inst., sect. 99. The promissor may have no conception of who is to be the future indorsee. As to such indorsee and his ultimate claim upon the promissor, the obligations of the note are absolutely non-exist-

ent, when the promise is made. In *United States* v. *White* (2 Hill, 59), the note was made payable "to the order of the person who should hereafter indorse said note." There was no other designation of the payee. It could have been truly said that there was no note in existence, even after the maker had signed and parted with the paper, until a time had elapsed, however long, between that and the actual indorsement by some person hitherto unknown. Yet the note was held good against the maker, and its obligation naturally related back to the time when he signed it.

No difference in principle can be shown, between the nature of the obligation assumed by the defendant, in this case, and what it would have been, if he had signed the note as a joint maker. If he had done this instead, would it be pretended that he was released from obligation by virtue of a delay in the indorsement and transfer which were essential to the primary validity of the note? If such an idea prevailed, and it were held essential to the sufficiency of a collateral guaranty or promise, that the instrument should be of full-fledged validity at the time of the undertaking, there would be an end of discounts for accommodation. The custom is universal, that the accommodation indorser, having placed his name on the back of the note, leaves it with the maker to use, by delivery to a third party, at his convenience. Until such delivery, there is no note, of course. Yet the indorser's contingent liability becomes fixed from the moment of his indorsement, when once the note has passed into circulation.

We can discover in this record no just reason why the defendant should escape liability upon an undertaking voluntarily assumed, by way of payment upon his own purchase price for a valuable tract of land, which he was thus enabled to acquire through a regular conveyance. The judgment of the circuit court must therefore be reversed and the cause remanded. All the judges concur.