| | |
|---|---|
| 85 | 13 |
| 96 | 599 |
| 96 | 662 |
| 97 | 18 |
| 85 | 13 |
| 104 | 277 |
| 85 | 13 |
| 46a | 223 |
| 85 | 13 |
| 110 | 481 |
| 112 | 310 |
| 85 | 13 |
| 113 | 656 |
| 85 | 13 |
| 56a | 219 |
| 85 | 13 |
| 121 | 296 |
| 125 | 615 |
| 85 | 13 |
| 127 | 511 |
| 85 | 13 |
| 129 | 509 |
| 85 | 13 |
| 148 | 297 |
| 85 | 13 |
| 84a | 176 |
| 85 | 13 |
| 167 | 399 |

## FITZGERALD v. BARKER, *Appellant.*

**1.** **Note**, WHEN NEGOTIABLE : POSSESSION : HOLDER. Notes made payable to the order of the payee, and indorsed by him, are negotiable, and one who brings suit upon them, having them in possession, is *prima facie* the holder and owner of them.

**2.** ———— : INDORSEMENT. Whenever a bill or note is payable to a certain person, or order, it is the same as if expressed to be payable to the order of that person, and is payable to whomsoever the payee named may, by indorsement, order it to be paid.

**3.** ———— : POSSESSION : RIGHT OF ACTION. A note payable to the order of a certain person, when indorsed by him, becomes at once negotiable, and passes from hand to hand, like notes made payable to bearer ; it is transferable by delivery, and possession proves property in it, and the right and capacity of the possessor to sue.

**4.** **Practice :** ADMISSIONS : NON-SUIT. Where the answer admits the deed under which defendant claims, which deed contains an assumption of the payment of certain notes in suit, this is sufficient to make out a *prima facie* case for plaintiff, and should prevent the latter's being forced to a non-suit.

**5.** ———— : EVIDENCE : ADMISSION. Where, in a suit upon notes, certain notes are offered in evidence without objection, this amounts to a tacit admission that they are the notes in suit.

**6. Assumption of Debt by Recital in Deed : LIABILITY.** Where a purchaser accepts and holds under a conveyance containing a clause which recites that he has assumed and agrees to pay a note secured by a subsisting mortgage on the land, he thereby subjects himself to a liability which the holder of the note may enforce by a personal action. *Fitzgerald v. Barker*, 70 Mo. 685. And this assumption extends not only to the holder at the time of such assumption, but to any subsequent holder : it is as broad and unrestricted as the negotiability of the note agreed to be paid.

**7. Recital in Deed : ESTOPPEL.** Where the deed under which a defendant claims, contains recitals of the assumption of the payment of certain notes by him, he can no more deny such recitals than he can any other recital contained in the deed.

**8. Assumption of Another's Debt : ESTOPPEL.** Where one, for a valuable consideration, assumes the payment of certain notes, he will be estopped from denying their existence at the time he assumed their payment.

**9. Ordinary Course of Business : PRESUMPTION.** Where a deed of trust made to secure the payment of certain notes, was executed prior to the execution of a deed to defendant, in which is assumed the payment of the notes, it will be presumed that the ordinary course of business was pursued, and that the notes had been executed and delivered when defendant assumed their payment.

**10. Practice : DUTY OF JURY.** It is obligatory upon juries to find in favor of a party who is supported by a presumption of law, in the absence of opposing evidence.

**11. Executory Contract : PROMISE TO PAY NOTE WHEN EXECUTED.** If, upon a valuable consideration, a specific promise be made to pay certain notes whenever they shall be executed, the contract will be good as an executory agreement, and the valid promise will attach to the notes immediately upon their execution.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Taylor & Pollard* for appellant.

(1) The non-suit was right, because the promise of Barker was not made for the benefit of Fitzgerald. He never had seen nor heard of these notes until long after Barker's deed had been delivered. Nothing was owned

or held by Fitzgerald at the delivery of Barker's deed, to which the latter's promise could possibly attach in his favor. In cases like this the action accrues only to the person for whose benefit the promise was made. *Robbins v. Ayres*, 10 Mo. 538; *Rogers v. Gosnell*, 51 Mo. 466; *Hannegan v. Hutchinson*, 47 Mo. 237; *Fitzgerald v. Barker*, 4 Mo. App. 107; s. c. 70 Mo. 685; *Mansur v. Bartholow*, 8 Cent. L. J. 72. (2) To give a party who may derive a benefit from the performance of the promise an action, there must be first an intent by promisee to secure some benefit to said third party; and, second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty. *Vrooman v. Turner*, 69 N. Y. 280. (3) The promise of defendant having been made for the benefit of Rubelmann, if anyone, the plaintiff cannot maintain an action upon such promise, without an assignment thereof to him. See cases cited under first point. (4) If the notes offered in evidence are the same as those mentioned in the deed to Barker, and Rubelmann, after the delivery of Barker's deed, endorsed and delivered the notes in question to plaintiff, that alone would not have transferred to him any right of action against Barker. Nothing but an assignment of this covenant to plaintiff would give him a right of action thereon. (5) If, as a fact, no notes had been issued, and the recitals that they had were false, then no person could reap the benefit of defendant's promise, because there was nothing to which it could attach. *Goodman v. Randall*, 44 Conn. 321; *King v. Whiley*, 10 Paige 416. (6) There was a material variance between the allegations of the petition, and the evidence offered by plaintiff to sustain his cause. The variance consisted in this: It is alleged that the notes were held and owned by plaintiff at the time Barker's deed was executed, and it is also alleged that the notes assumed by Barker were executed by John S. Thomas. The evidence is absolute that no such notes were owned by plaintiff at the time alleged. Moreover, the cove-

nant of Barker was to assume and pay certain notes executed by John R. Thomas, not John S. Thomas.

*Edward White* for respondent.

(1) The circuit court was not warranted in assuming that plaintiff acquired the title to the notes after the execution of the deed from Thomas to Barker. This was a question of fact which should have been left to the jury, under proper instructions, if it was material. (2) But it was wholly immaterial whether plaintiff acquired the title before, or after the promise by Barker to pay the notes. The notes were negotiable, and Barker's obligation attached to them and passed with them to plaintiff, it being clear from the evidence that he received them before maturity. (3) No doctrine is now more firmly established than that, where a promise is made by one person to another, for a valuable consideration, to pay his debt to a third, such third person may sue on the promise in his own name. *Meyer v. Lowell,* 44 Mo. 328; *Flanagan v. Hutchison,* 47 Mo. 237; *Rogers v. Gosnell,* 51 Mo. 466; *Schuster v. K. C., St. J. & C. B. R. R.,* 60 Mo. 290; *Fitzgerald v. Barker,* 70 Mo. 685; *Lawrence v. Fox,* 20 N. Y. 268; *Campbell v. Smith,* 71 N. Y. 26; *Hand v. Kennedy et al.,* 83 N. Y. 149. (4) And where the promise is a general one to pay debts, the creditor may recover, even though, at the time the promise was made, the promisor was not aware of the existence of the debt, or was deceived with reference to it by the promisee, or did not know the name of the creditor. *Raum v. Kaltwasser,* 4 Mo. App. 573; *Cross v. Truesdale,* 28 Ind. 44; *Kingsbury v. Earle,* 27 Hun. 141. (5) In this case, the promise was not to pay any particular creditor named in the deed, but to pay certain negotiable notes, which were sufficiently described in the deed for identification. The promise was, therefore, clearly made for the benefit of the holder of the notes at their maturity. It must be presumed that such was the intent of both the promisor and the promisee.

(6) Though, at the time a promise is made, no individual is either named or known as the beneficiary, yet, if the promise is to take effect in the future, and when the time of performance arrives, there is but one person who can fill the description of the person or class intended to be benefited, he must be taken to be the one originally intended. *Fitzgerald v. Barker*, 13 Mo. App. 192. (7) The fact that the deed of trust, by which the notes in question were secured, recited that the notes were executed in satisfaction of an indebtedness due to one Rubelmann, is wholly immaterial. The promise was not to pay Rubelmann, nor to pay off the deed of trust, but to pay the notes. The notes were negotiable, and passed by delivery. They passed directly from Thomas, the maker, to the plaintiff, and were never in the possession of Rubelmann. The deed of trust was a mere incident, and was offered in evidence only to identify the notes. Plaintiff was not bound by its recitals. (8). Barker's promise was not a promise to pay the debt of another, but a promise to pay his own debt for the land, and to do this by paying off the notes executed by Thomas. *Hand v. Kennedy et al.*, 83 N. Y. 154.

SHERWOOD, J.—This cause has been before us on a former occasion, 70 Mo. 685. It was then ruled, in affirmance of the judgment of the St. Louis court of appeals, that if a purchaser accepts and holds under a conveyance which contains a clause reciting that he has assumed and agrees to pay a note secured by a subsisting mortgage on the land, he thereby subjects himself to a liability which the holder of the note may enforce by a personal action. The cause came up here upon the sufficiency of the petition, which was adjudged sufficient. Since that time, the cause was heard in the circuit court, where, at the close of plaintiff's case, the court instructed the jury that the plaintiff could not recover, whereupon he took a non-suit, etc. The petition upon which the cause was tried is the same as was adjudged

sufficient in this court, and is substantially as follows: That on the second day of November, 1872, John S. Thomas and wife, by their deed of that date, conveyed to John Barker certain real estate situated in the city of St. Louis; that, by said deed, Thomas covenanted to warrant and defend the title to said property against the claims of all persons, except against certain deed of trust notes on said property, to-wit: two notes of two thousand dollars each, payable two years after date; and eight interest notes for one hundred dollars each, payable respectively at six, twelve, eighteen and twenty-four months after date—all of said notes being made by said John S. Thomas, and payable to his own order, which notes said Barker assumed and agreed to pay, said assumption and agreement being duly incorporated in said deed from Thomas to Barker; that at the date of the said deed, the plaintiff was the holder and owner of one of the said two thousand dollar notes, and the four interest notes thereon, payable respectively in six, twelve, eighteen and twenty-four months; that defendant accepted said deed and entered into possession of said property, and thereby, and by reason of said assumption and agreement, became liable to pay the said several notes to plaintiff as the holder thereof; that the first of the said interest notes was duly paid by defendant to plaintiff, at its maturity, but that the remaining notes were never paid. The prayer of the petition was for judgment against the defendant for the amount of said principal note, two thousand dollars, and said three interest notes, one hundred dollars each, and interest thereon.

Defendant filed an amended answer, which admitted "that John S. Thomas, and wife, on the second day of November, 1872, conveyed to the defendant the property described in the petition, and that the said deed contained an assumption of two notes of two thousand dollars, executed by John R. Thomas, and eight interest

notes of one hundred dollars each ; but denies each and every other allegation of the petition."

The plaintiff, to sustain the issues on his part, offered in evidence, without objection, the notes and deed of trust described in the petition, the deed from Thomas to Barker, containing the assumption of the notes, and then testified, in substance, that, in the fall or the winter of 1872, Thomas owed him a large sum of money ; that he was pressing for payment, and that Thomas assigned and delivered to him the notes in question as part payment of the debt; that he did not get the notes and deed of trust from Rubelmann, did not know him in the transaction, that when the first interest note matured, the defendant, Barker, paid it, but that he failed to pay the other notes, and that they still remain unpaid. On cross-examination he stated that, while he could not fix the date when he received the notes from Thomas, it was some time in the fall or winter of 1872, and might have been after the deed of trust was recorded ; that he thought it was recorded when he got it, and that it had been in his possession ever since, except when he gave it to McClellan, the trustee, to advertise the sale.

The ruling made when this cause was here before, goes far towards being decisive of it as now presented. Here, the party suing being in possession of the notes, is *prima facie* the holder and owner of them, and the notes being made payable to the order of the payee, and by him indorsed, are negotiable notes, and "whenever a bill, or note, is payable to a certain person or order, it is the same as if expressed to be payable to the order of that person, payable to whomsoever the payee named, may, by indorsement, order it to be paid." Daniel Neg. Inst., sec. 99. The notes in question being made payable to the order of Thomas, as soon as he indorsed them in blank they became at once negotiable, and passed from hand to hand like notes payable to bearer ; they were transferable by delivery, and their possession by plaintiff proved his property in them, and his right and capacity

to sue. 1 Dan. Neg. Inst., sec. 693, and cases cited ; Spears v. Bond, 79 Mo. 467. The answer virtually admits the assumption of the payment of the notes in suit; at any rate, it admits that certain real estate was conveyed by Thomas and wife to defendant by deed dated November 2, 1872, and that deed, thus referred to, contains an assumption by the defendant of the payment of the notes in suit. This was sufficient to make out a prima facie case for plaintiff, and should have prevented his being forced to a non-suit. Besides, when the notes and deed of trust by Thomas and wife, to McClellan, and the deed by Thomas and wife to defendant, were offered and read in evidence, they were received without a word of objection, and this, of itself, was a tacit admission by the defendant that they were the notes in suit. If they were not, by timely objection, by pointing out any substantial difference between the notes sued on and those offered, he could very easily have prevented their introduction in evidence.

If, as has already been held in this case, the assumption of the payment of the notes by the defendants as contained in the deed of November 2, 1872, accepted by him from Thomas and wife, bound him to pay the holder of the notes, then, under the principle thus declared, that assumption will extend not only to the holder at the time the assumption was made, but to any subsequent holder. Granting such force as has been granted to the assumption by this court, it must be thus construed, or else it would be so restrictive in its operation as to curtail the negotiability of the notes promised to be paid. In short, the assumption of payment must be held as broad and unrestricted as the negotiability of the notes agreed to be paid. These remarks sufficiently dispose of the point that plaintiff cannot maintain an action on the notes without an assignment of them to him by Rubelmann; for the possession of them by plaintiff was certainly sufficient to raise a presumption

of a proper transfer having been made to plaintiff, either by Rubelmann, or by some one else possessed of title to the notes. But, it is said, "if as a fact no notes had been issued, and the recital that they had was false, then no person could reap the benefit of defendant's promise, because there was nothing on which it could attach." It is not apparent how a party situated as is defendant, could deny the recitals in relation to the notes, any more than he can repudiate any other recital of the deed under which he claims. This view appears to be sustained by authority. "Thus, if one be bound in a bond, conditioned to perform the covenants in a certain indenture, or to pay the money mentioned in a certain recognizance, he shall not be permitted to say there was no such indenture or recognizance." 1 Greenl. on Evid., sec. 26. And it must be obvious that in order to a recovery in this action; in order to the enforcement of the personal liability created by the assumption contained in the deed, that deed must be offered in evidence along with and to identify the notes, and that it would be contrary to every principle of law and fairness to permit the defendant to defeat the plaintiff's action by denying that the notes sued on were in existence at the time he assumed their payment. That assumption as to every lawful transferer of the notes, concluded the defendant from asserting the contrary of what he had theretofore, for a valuable consideration, admitted.

But, waiving that point, it may be well maintained that the notes were in existence at the time their payment was assumed. The deed of trust which secured the notes in suit, was dated and acknowledged on the first day of November, 1872, and the deed of Thomas and wife on the second day of November, 1872. Now, according to the usual and ordinary course of business the notes were executed, and in the hands of the trustee, or Rubelmann, prior to the execution of the deed by Thomas and wife to the defendant. This affords ground

for the presumption that the ordinary course of business was pursued in that instance. 1 Greenl. on Evid., secs. 38, 38*a* and 40, and 48; *Aull Sav. Bk. v. Aull's Adm'r,* 80 Mo. 199; and it is obligatory upon juries to find in favor of a party who is supported by a presumption of law, in the absence of opposing evidence. Best on Evid. (6 Eng. Ed.) sec. 304. Invoking this presumption in the case at bar, there being nothing to abate its probative force, it can very properly be concluded that the notes were in existence at the time their payment was assumed, and therefore, there was something *in esse* upon which defendant's promise could attach.

But I quite agree with the court of appeals that it is immaterial whether the notes were really in existence or not at the time their payment was assumed. The analogies of the law respecting a contract of sale, may here be successfully invoked in this instance. Thus, in order to a valid contract of sale, the thing sold must have an actual or potential existence, etc., but though this is not so, yet the contract may be good as a special or executory agreement (2 Kent's Com. 465), to be enforced, when the thing contracted for comes into being. Here, if the notes were not in existence at the time indicated, yet a sufficiently specfic promise having been made, upon a valuable consideration, to pay them whenever they were executed, the valid promise would immediately attach to them upon their execution. Therefore, the judgment of the St. Louis court of appeals is affirmed. All concur.