Saunders v. McClintock.

SAMUEL M. C. SAUNDERS, Respondent, v. ROBERT McCLINTOCK, Appellant.

Kansas City Court of Appeals, June 8, 1891.

1.   Contract : INCUMBRANCER'S RIGHT OF ACTION ON ASSUMPTION BY GRANTEE IN DEED.   Where a purchaser accepts and holds a conveyance of real estate wherein it is recited that he assumes and agrees to pay an incumbrance thereon, he thereby subjects himself, to a liability to holder thereof which may be enforced by a personal action.

2.   Deceit : FALSE REPRESENTATION NOT THE ONLY CAUSE OF ACTION : INSTRUCTION.   It is sufficient that the false representation constitute one of a number of material moving causes to the injured party's action, and where two causes or inducements are operative in producing action, one emanating from fraudulent misrepresentations, the other from an independent source, a case of deceit is made out.   And an instruction that the misrepresentations must have been the ground on which a transaction took place is error.

3.   ———— : REPRESENTATION RELATING TO THE FUTURE : DEFENSE.   Representations having reference merely to the future, however much relied upon, constitute no ground of action or defense.

4.  ————: FRAUD OF GRANTOR IN SECURING GRANTEE'S ASSUMPTION OF
INCUMBRANCE : DEFENSE.  The grantee in a deed conveying real
estate containing a clause, that he assumes certain notes against
the land as part of the consideration, can set up fraud by his
grantor in procuring his acceptance of the deed, in a suit on the
implied covenant by the holder of the notes at the time the deed
was accepted, he being no party to, and having no knowledge of,
the fraud.  ( *Fitzgerald v. Barker*, 96 Mo. 661, *distinguished.*)

*Appeal from the Jackson Circuit Court.*—HON. JAS.
GIBSON, Judge.

REVERSED AND REMANDED.

Statement of the case : —

This was an action by the plaintiff to recover from
defendant by virtue of a covenant in the deed from one
Michael F. Marks to the defendant, whereby the defend-
ant was made to assume and agree to pay a part of a
certain deed of trust on said real estate which said
incumbrance at the time was held and owned by the
plaintiff.    The petition was in proper form to declare on
that covenant, and the defendant's answer was as
follows :

"Defendant for amended answer in the above
entitled cause states:    *First.*    That he denies each and
every allegation in said petition contained.    *Second.*
And, for a second and further defense, that between the
eighth and sixteenth days of July, 1887, one Frank
Bauerlein, who was the agent and representative of the
then owner of the property described in the petition,
for the purpose of inducing this defendant to purchase
an interest in said property, falsely and fraudulently
represented to this defendant that a syndicate to pur-
chase said property had been formed consisting of one
Charles S. Crysler, John J. O'Brien, ———— Monroe,
Daniel E. Saighman and the said Frank Bauerlein, the
said Charles S. Crysler having agreed to purchase a
one-sixth interest in said real estate, the said John J.

O'Brien a one-sixth, the said ——— Monroe a one-sixth, the said Daniel E. Saighman a one-sixth and the said Frank Bauerlein a one-sixth, and, that if this defendant would purchase the remaining one-sixth the syndicate would be complete. And the said Frank Bauerlein further represented to this defendant that said Crysler, O'Brien, Monroe and said Saighman were each and all solvent, and were amply able to pay for their respective shares of said land, the purchase price being $33,000 or $5,600 for each one-sixth, the amount to be made up in part cash and in part by the assuming of certain incumbrances on said property, and that all of the said parties were going into said syndicate on the same equal footing. And this defendant further states that the said representations of said Bauerlein were false and fraudulent; that the said John J. O'Brien and Charles S. Crysler were in fact the owners of said real estate, although the same stood for awhile in the name of Cornell Crysler, and was on said sixteenth day of July, 1887, by said Cornell Crysler, put in the name of one Michael F. Marks for the purpose of concealing the true ownership of said property, and this defendant further states that he was thereafter told by said Bauerlein that he could secure for this defendant an additional one-twelfth interest in said syndicate, and this defendant relying on the truth of said representations agreed to and did take said additional one-twelfth.

"And this defendant further states that neither the said Charles S. Crysler nor the said John J. O'Brien ever became a part of said syndicate, and that said syndicate was not in fact complete as was represented to this defendant when he consented to purchase an interest in said real estate. And this defendant further says that he relied upon the said false and fraudulent representations that the said Crysler and O'Brien were to become a part of said syndicate on the same equal footing with this defendant, and that the syndicate had

been in fact completed as aforesaid in making the purchase of said three-twelfths and in accepting the deeds referred to in the petition. Wherefore, this defendant says that he ought not to be held on the provisions of said deeds whereby he was made to assume the payment of the notes referred to in the petition, or any part thereof, and that the said provisions are, as to this defendant, absolutely null and void.

" And this defendant further states that the plaintiff sold said land on the eighth day of July, 1887, and conveyed the same to said Cornell Crysler, taking back a deed of trust securing the two notes for $6,875, referred to in the petition ; and that said deed of trust has been foreclosed and the plaintiff became the purchaser of this property on the twenty-fourth day of October, 1888, at and for the price and sum of $4,000. Wherefore, this defendant says that by reason of the premises the plaintiff ought not to recover, and having answered prays to be hence dismissed with his costs," etc. The reply was a general denial of each and every allegation contained in the answer.

At the trial the plaintiff introduced the following evidence : *First.* A warranty of deed from the plaintiff to Cornell Crysler, conveying certain real estate in Jackson county, Missouri, for $20,625. *Second.* A deed of trust back from Cornell Crysler to John A. Sea, trustee, to secure part of the purchase price to Samuel M. C. Saunders, being the deed of trust alleged in the petition to have been partly assumed as aforesaid and dated July 8, 1887. *Third.* A warranty deed from Cornell Crysler to Michael F. Marks, in which Michael F. Marks was made to assume and agree to pay the aforesaid deed of trust. *Fourth.* Warranty deed from Michael F. Marks to the defendant, Robert McClintock, conveying said real estate, and which contained the covenant declared on in the petition, whereby the said defendant assumed and agreed to pay a part of the said deed of trust from Cornell Crysler to

John A. Sea, trustee for the plaintiff, said deed dated July 16, 1887. *Fifth.* It was admitted that the Cornell Crysler deed of trust had been foreclosed, and the property bought in by the plaintiff, and the proceeds of the sale properly credited on the notes therein described, and that the balance of said notes were owned by the plaintiff and remained unpaid. Defendant then introduced evidence tending in the main to prove the allegations contained in his answer. Some other facts will be alluded to in the opinion. The issues, under instructions from the court, were submitted to the decision of a jury, who found for the plaintiff in the sum of $2,437.50, and from the judgment thereon defendant appealed.

*Karnes, Holmes & Krauthoff*, for appellant.

(1) Plaintiff's second instruction was erroneous and very misleading. *Scott v. Haynes*, 12 Mo. App. 596; *Mathews v. Bliss*, 22 Pick. 48, 53; *Safford v. Grant*, 120 Mass. 20, 25; *James v. Hodsden*, 47 Vt. 127, 137; *Carvill v. Jacks*, 43 Ark. 454, 462: *Fishback v. Miller*, 15 Nev. 428, 442; *Cabot v. Christie*, 42 Vt. 121, 124; *Hale v. Philbrick*, 47 Ia. 217, 221; *Spaulding v. Knight*, 116 Mass. 148, 154; *Powell v. Adams*, 98 Mo. 598, 604; 1 Bigelow on Fraud, 497, 543-4, 545; Grinnell on Deceit, sec. 48; *Griffith v. Hanks*, 46 Texas, 217; *Bowers v. Thomas*, 62 Wis. 480, 442; *Albert v. Besel*, 88 Mo. 150, 153; *Clarke v. Kitchen*, 52 Mo. 316; *State v. Chyo Chiagk*, 92 Mo. 395, 416-17; 1 Bigelow on Fraud, 540, 541; *Armstrong v. Winfrey*, 61 Mo. 354, 359. (2) The plaintiff's third instruction should not not have been given. *Harty v. Railroad*, 95 Mo. 368. (3) The verdict was without evidence to support it, and is contrary to the law and evidence and instructions of the court. (4) Respondent does not occupy the position of *bona fide* purchaser for value without notice, etc., as claimed. *Heim v. Vogel*, 69 Mo. 529, 535; *Fitzgerald*

*v. Barker*, 4 Mo. App. 105 ; s. c., 70 Mo. 685 ; *Flag v. Munger*, 9 N. Y. 483, 501 ; *Judson v. Dada*, 79 N. Y. 373, 379 ; *Bull v. Titsworth*, 29 N. J. Eq. 73 ; *Parker v. Jenks*, 36 N. J. Eq. 398 ; *Benedict v. Hunt*, 32 Iowa, 27, 30, 31 ; *Dunning v. Leavitt*, 85 N. Y. 30. That fraud may be shown to relieve grantee. *Fuller v. Lamar*, 53 Iowa, 477, 480 ; *State v. Citizens' Bank*, 33 La. Ann. 705, 708 ; *Muhling v. Fiske*, 131 Mass. 110, 113 ; *Crowe v. Lewin*, 95 N. Y. 423, 427 ; *Institute v. Sheridan*, 30 N. J. Eq. 23 ; *O'Neill v. Clark*, 33 N. J. Eq. 444, 446.

*John A. Sea* and *Gates & Wallace*, for respondent.

( 1 ) Where a purchaser accepts and holds under a conveyance containing a clause which recites that he has assumed and agrees to pay a note secured by a subsisting mortgage or deed of trust on the land, he thereby subjects himself to a liability which the holder of the note may enforce by personal action. *Fitzgerald v. Barker*, 70 Mo. 685 ; s. c., 13 Mo. 195 ; s. c., 85 Mo. 13 ; s. c., 96 Mo. 661. Even though the grantor should not be liable to pay said mortgage. *Deane v. Walker*, 107 Ill. 540. ( 2 ) Before the defendant can charge the plaintiff with the fraud alleged in this case, it must appear that he was a party to the fraud. *State to use v. Adler*, 97 Mo. 413, 418 ; *Crow v. Beardsley*, 68 Mo. 435 ; *Byrne v. Becker*, 42 Mo. 269 ; *Fitzgerald. v. Barker*, 96 Mo. 661 ; *State ex rel. v. Hewitt*, 72 Mo. 603 ; *Brackett v. Griswold*, 112 N. Y. 454 ; *Irvine v. Bank*, 2 Watts & S. ( Pa.) 190 ; *Wingate v. King*, 23 Me. 35. The plaintiff stands in the position of a *bona fide* purchaser for value without notice, and must recover. *Wineland v. Coonce*, 5 Mo. 296 ; *Howe v. Waysman*, 12 Mo. 169 ; *Gordon v. Ritenour*, 87 Mo. 61 ; *Craig v. Zimmerman*, 87 Mo. 475 ; *Bray v. Campbell*, 28 Mo. App. 519. ( 3 ) The second instruction complained of stated the law correctly. It is not open to the objection that it requires the jury to find that the fraud was the sole motive. In the words of the instruction, it is not enough that the

fraudulent misrepresentation may have remotely con-
tributed to the defendant's action. *Powell v. Adams*,
93 Mo. 598–604 ; 5 Am. Ency. Law, p. 335. Or supplied
a motive to enter into it. Kerr on Fraud & Mistake,
84 ; *Adams v. Schiffer*, 11 Col. 15 ; 5 Col. 324. The rep-
resentation must have been the ground on which the
transaction took place. 5 Am. Ency. Law, p. 335 ;
*Rutherford v. Williams*, 42 Mo. 18–24 ; 2 Pom. Eq,
[ 1 Ed.] sec. 890, p. 374 ; Bigelow on Fraud, ch. 5, p. 540 ;
*Bryan v. Hitchcock*, 43 Mo. 527. And injury must
have resulted to the defendant therefrom. *Smith v.
Dye*, 88 Mo. 581 ; s. c., 15 Mo. App. 585 ; *Hamilton v.
Mallet*, 8 Mo. App. 581 ; *McBelle v. Craddock*, 28 Mo.
App. 380 ; *Bigby v. Powell*, 25 Ga. 244 ; *Freeman v.
McDaniel*, 23 Ga. 354 ; *Hawson v. Edgerly*, 29 N. H.
343 ; *Nye v. Merriam*, 35 Vt. 438 ; *Bayard v. Holmes*,
34 N. J. L. 296. (4) But even if there were error in
this second instruction, on the whole, the instructions
given were more favorable than defendant had a right
to ask, and the verdict was the only party it could
have been given for. In such a case this court will not
disturb the finding, as the error is harmless. *Fitzger-
ald v. Barker*, 96 Mo. 661.

GILL, J.—It will be seen from the foregoing state-
ment of the case that Saunders, on July 8, 1887, sold
and conveyed certain land to Cornell Crysler ; that a
portion only of the purchase money was paid, the bal-
ance thereof being evidenced by promissory notes
secured by a deed of trust on the property ; that subse-
quently Cornell Crysler conveyed the said land to one
Marks, who, on July 16, 1887, made a deed for the
three-twelfths thereof to defendant McClintock, and
that in said deed it was provided that McClintock should
pay the three-twelfths of said incumbrance made by
said Cornell Crysler for the benefit of Saunders ; that
said deed of trust was subsequently foreclosed, the
property sold, but not in amount sufficient to pay the

notes thus secured, and thereupon plaintiff instituted this suit to recover of defendant the three-twelfths of said balance due, resting his action on the assumption by defendant in his deed from Marks.

I.   It is no longer an open question, that where a purchaser accepts and holds a conveyance of real estate wherein it is recited that said purchaser assumes and agrees to pay an incumbrance thereon, he thereby subjects himself to a liability to the holder thereof which may be enforced by a personal action.   *Fitzgerald v. Barker*, 4 Mo. App. 105 ; 13 Mo. App. 192 ; 70 Mo. 685 ; 85 Mo. 13 ; 96 Mo. 661.   It must be admitted, then, that plaintiff's evidence, without more, made a clear case for the plaintiff.   So, then, what we have to consider here is, as to the manner and matter of defense.   Did the court err in the manner of submission thereof to the jury, and did such matter constitute a defense as to the claim of this plaintiff?

II.   Relating to the manner of submitting the defense of fraud which was pleaded by defendant in his answer, the court, at the plaintiff's instance, gave the following instruction, to which defendant objected : "2.   Fraud is never to be presumed, but must be affirmatively shown by the defendant herein, upon whom the burden of proving the same rests ; and it must not only be proved by the defendant that the misrepresentations were made, but such misrepresentations must have been *the proximate and immediate cause of defendant's action*.   It is not enough that they may have remotely contributed to it, *or supplied a motive to the defendant to enter it*.   The representations complained of must have been *the ground on which the transaction took place*, and that defendant must have been injured by said representations." This instruction is justly subject to much adverse criticism, when applied to the facts of this case.   It, in effect, told the jury that, unless they believed McClintock was moved to enter the promised syndicate and take the deed to the three-twelfths

thereof *solely* by reason of Banerlein's false representations, they should find for the plaintiff. "It is not enough," declares the court, that " they may have supplied *a* motive to the defendant to enter into it; " but such representations must have supplied the *only* motive for defendant's action—such representations "must have been *the* ground [ the only ground ] on which the transaction took place," etc.   Clearly, the court, in this instruction, went beyond the limits defined in all the well-considered cases.   It would seem sufficient that such false representations should constitute *one* of a number of material, moving causes to defendant's action.   This rule was clearly announced in the *Bungardt case*, 18 Mo. App. 131, and the pages following, where this court, Judge ELLISON delivering the opinion, used the following language, equally applicable here: "Where the evidence, as in this case, tends to show there were probably two causes or inducements operating on a party, which causes him to make a trade or purchase—one emanating from fraudulent representations of the defendant, and the other from some independent source—he should respond in damages, or restore the property, as the case may be."   Numerous judges and text-writers have repeatedly so written; but, to save space, we now refer to the elaborate discussion and citation of authorities, with quotations therefrom, found in 18 Mo. App. at pages 131, 132, 133, 134, etc.   Applying this law to the facts of this case, it may be well said that, although McClintock was in part induced to enter this arrangement by a desire on his part to speculate in real estate in and about Independence, yet a further motive may have presented itself and without which he would not have gone into the venture; but yet, under the court's instruction to the jury, as above quoted, this last must have been the *sole* and *only* moving cause for his action, else he could not recover. McClintock may have been eager to invest, yet have declined unless joined by the others who were said to

compose the syndicate. We must, therefore, hold that the court erred in giving said instruction.

As to the third instruction, given at plaintiff's request, we discover no error. If Bauerlein's representations had reference merely to a future event—an opinion expressed by him that certain parties would in the future join in and make up the talked-of syndicate, then such expressions, however much relied upon by defendant, would constitute no defense to the action. There was, too, some evidence tending to sustain this view.

III. But it is contended by plaintiff's counsel that, even if error was committed in given instructions to the jury, yet. the verdict and judgment should stand, because it was clearly for the right party. Counsel base their claim for this position on the ground taken that defendant was not entitled to this defense as against Saunders; that however gross the fraud practiced by defendant's vendors, whereby he may have been fraudulently induced to agree to pay a portion of plaintiff's notes and deed of trust, yet, as the plaintiff was entirely innocent of any complicity in the matter, such fraudulent conduct would be no defense to this action. This question may be thus stated. Can the grantee, in a deed conveying real estate containing a clause that he assumes certain notes against the land as a part of the consideration, set up fraud by his grantor in procuring his acceptance of the deed, in a suit on the implied covenant by the holder of the notes at the time the deed was accepted, he being no party to, and having no knowledge of, the fraud? The authorities cited by defendant's counsel fully sustain the affirmative of this proposition. *Benedict v. Hunt,* 32 Iowa, 27; *Judson v. Dada,* 79 N. Y. 373; *Dunning v. Leavitt,* 85 N. Y. 30; *Crowe v. Lewin,* 95 N. Y. 423; *Bull v. Titsworth,* 29 N. J. Eq. 73; *Parker v. Jenks,* 36 N. J. Eq. 398.

Plaintiff, however, relies on the case of *Fitzgerald v. Barker*, 96 Mo. 661, as containing the doctrine that no such defense can be made. We have carefully examined and considered this decision, and are of the opinion that it does not support plaintiff's position when applied to the facts of the case at bar. The facts there were, in one important particular at least, substantially different from those here. Although in the last announcement by the supreme court (96 Mo. 662) it is not made clear as to whether or not Fitzgerald purchased the notes *before* or *after* Barker accepted the deed from Thomas (wherein Barker assumed an obligation to pay off the incumbrance), still, as by reference to the same case reported in 4 Mo. App. 105; 13 Mo. App. 192; 70 Mo. 685; 85 Mo. 13, it appears that Fitzgerald became owner of the notes and incumbrance *subsequent* to Barker's assumption, it might be well held, that in that case as, Fitzgerald bought the notes with Barker's assumption, then of record, he (Fitzgerald) relied thereon in making the purchase, and it would be unjust to deprive him of such security by reason of the fraud of Barker's grantor, of which he, Fitzgerald, had no notice. Now in the case at bar, it appears without question (indeed, it could not be otherwise) that Saunders acquired the notes sued on some days *prior* to McClintock's acceptance of Mark's deed, wherein he, McClintock, assumed payment of a portion of the incumbrance held by Saunders. When Saunders took the notes with deed of trust, there had been no undertaking by McClintock. He (Saunders), therefore, could not, and did not, rely on this assumption as a security for his claim. He never acted on the faith thereof—never parted with anything on account of such assumption, and, hence, ought not to stand in any better position than McClintock's *promisee*, Marks, or those he represented. It would be the grossest injustice to deny defendant the opportunity for this defense, and we know of no decision or text-book that

would deprive him of it. Since the preparation of the foregoing we find ourselves sustained in this position by a late case decided by our supreme court. *Ellis v. Harrison*, 16 S. W. Rep. 198.

Other questions suggested in counsel's brief have been considered, but we deem the foregoing all that is necessary to be said in this opinion. For the error, then, in giving the plaintiff's second instruction, the judgment must be reversed and the cause remanded. All concur.