NATHANIEL H. BARDEN, plaintiff in error, vs. SARAH GRADY, et al, defendants in error.

(1.) Inasmuch as a judgment in Georgia binds all the property of the defendant from its date, equity will not compel the plaintiff to levy on that portion of the property last sold by the defendant and sell that before he can proceed against property sold previously to that last sold.

(2.) Where a defendant has sold all his property, a plaintiff in execution may levy on any of such property, subject to the lien of his judgment, at his option, without regard to the order in which defendant sold the different portions.

Equity. Lien of judgments. By Judge WORRILL. Harris County. Chambers. January, 1868.

On the 17th of October, 1861, William A. Barden obtained a judgment in Harris Superior Court against Wm. M. Griggs and Richard E. Kennon, for $1,100 00 for principal, and $61 39 interest, etc. Afterwards, in April, 1864, he

transferred the judgment and *fi. fa.* issued under it to plaintiff in error, and on the 17th of May, 1867, he had it levied on a lot of land in the possession of Sarah C. Grady.

Thereupon, she filed her bill in equity in behalf of herself, and as trustee for her children, by which she made the following case: Her father, by his last will and testament, gave large property in trust for herself and her children; after divers changes of trustees, Marshal B. Grady became their trustee, and took into his possession, as such, the realty and personalty, say $25,000 00 in value, and invested a part of said fund in the premises levied on, purchasing the same from one Waterhouse, and taking from him his bond for titles; Mrs. Grady and her children went into possession of said premises and still occupy them as such trust property. Waterhouse bought these premises from the defendant Kennon, on the 26th of June, 1862. Kennon then had sufficient real and personal estate to pay his debts, and with the proceeds of said sale to Waterhouse, purchased fourteen hundred and fifty-eight acres of land, in said county, known as the White place, and part of lot No. 265, known as White's Mill Place, which he sold to Wm. T. Goodwin, on the 18th October, 1864, and also a house and lot twenty-seven and a half acres, bought by Kennon 18th December, 1858, and sold to J. W. Biggers, April 27th, 1863. The White place was bought with proceeds of the sale of the 26th of October, 1863, and that of the 27th of April, 1863, and since the sale of each of said tracts, it was sold to Thomas Leslie. With the proceeds of this last sale, Kennon bought fourteen hundred acres of land three miles from Fort Gaines, in Clay county, Georgia, known as Spencer Poer's place.

Barden now resides out of this State. Yet, notwithstanding plaintiff in error knew that Kennon had owned said described lands after he sold the premises whereon she levied, he had said levy made before he had made any effort to collect his money out of the lands described herein. Being advised that in equity, he should first exhaust the lands last sold by Kennon before coming on those first sold, she prayed that a sale under said levy should be enjoined.

Waterhouse amended the bill by making himself a party and stating that the facts stated were true, and that the prayer should be granted.

The defendant showing cause why said injunction should not be granted, contended that there was no equity in the bill; that if there was any way to enforce payment out of the lands in the order wished for by complainant, it could be done only by paying him his money and then calling on the subsequent purchasers for contribution, and answered the bill as to what lands, etc., Kennon had had when he bought and when he sold the same, not differing with the bill in any material point, except a statement that Kennon had no title to the lot near Fort Gaines, and that he levied on this place because there were older judgments against Kennon, and he wished to sell property which would pay them and leave a balance for him. After argument the Chancellor granted the injunction. This was assigned as error.

JAMES M. MOBLEY, (by R. J. Moses, Jr.,) for plaintiff in error.

B. H. BIGHAM, (by Peabody,) for defendant in error.

WALKER, J.

Barden held a judgment against Kennon, who owned the tract of land in controversy, and not enough real estate besides this, to satisfy older judgment leins against him. Waterhouse purchased this land from Kennon, and sold it to complainant; subject to the lien of Barden's judgment, of course. With the money receved from Waterhouse for this land, Kennon purchased the White's Mill place. Subsequently he sold this, and, it is alleged, purchased a plantation in Clay county. Subsequently he sold all his remaining lands in the State, and removed to Alabama. Barden levied his execution on this plantation, sold by Kennon to Waterhouse, and the assignee of Waterhouse filed a bill, praying that Barden be enjoined from enforcing his judgment against this property, and that he be required to proceed against the lands last sold by said Kennon, and that he be

not permitted to sell this land of complainant, unless the lands subsequently sold, should be insufficient to satisfy his judgment. The Court granted the injunction, and to this Barden excepts.

It will thus be seen that the simple question here is, whether the plaintiff, where the defendant has no property of his own, can levy on any property sold by the defendant, which may be subject to the lien of his judgment at his option; or can he, at the instance of the persons who may have purchased portions of such property, be forced to proceed against any particular portion of the property so sold by defendant, and be restrained from proceeding against one portion, until another portion shall have been exhausted. This is the question. The plaintiff, Barden, and complainant, are the parties to this bill; the purchasers of the other lands from Kennon, are not. No question of contribution among the purchasers to remove the incumbrance of the lien of Barden's judgment from all their lands, is made by the bill. There is no proposition to pay Barden what is admitted to be due, and for which he has a judgment lien, binding the property of complainant, as well as others. The bill is not filed to bring into Court all those holding property, encumbered with this judgment lien, and adjust the equities among them, and let the plaintiff be paid from that portion of the property which, according to the rules of equity, should be primarily liable. Nothing of the kind. The proposition is to restrain the plaintiff from proceeding to condemn this property, admitted to be subject, and force him to levy on some other property, sold to some one else, which is alleged to be subject also.

1. Can this be done? All judgments, in this State, are of equal dignity, and bind all the property of the defendant, both real and personal, from the date of such judgment. Rev. Code, sec. 3222. When any person has *bona fide*, and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property, two years, the same shall be discharged from the lien of any

judgment against the person from whom he purchased. Rev. Code, sec. 3525. So that the lien of the plaintiff's judgment is just as valid against the property in the hands of a *bona fide* purchaser, until protected by the statute of limitations, as in the hands of the defendant in execution.

2. By section 3593, Revised Code, the defendant in execution may point out, to be levied on, what part of his property, in his possession, he may think proper; while the officer shall be bound to take, and sell first, if the same is, in the opinion of the levying officer, sufficient to satisfy the judgment and costs. This provision was construed, by this Court, in Hammond vs. Myrick. 14 Ga. R. 77. In this case Myrick, the plaintiff in execution, caused it to be levied on property in the possession of Hammond, which he had purchased from defendant in execution, after the date of the judgment. Upon the trial of the claim case, Hammond offered to prove that the defendant had other property sufficient to satisfy the plaintiff's judgment. This evidence was repelled as illegal. The Court, page 78, says: "By statute, the lien of a judgment attaches upon all the estate of the defendant owned at its date, or afterwards acquired; and he who buys part of it, buys it subject to that lien. * * * The act, (as to defendant's being allowed to point out property to be levied on,) does not fetter the plaintiff; his judgment lien is not impaired; he may go on the property in the hands of the third person if he pleases. He is not likely so to please and incur the delay of a claim, if the defendant is in possession of property enough to pay him. He has pleased, or been compelled, in this instance, to move upon the property in Mr. Hammond's hands. He had the *legal* right to do so. Ib, 79. In this case, the object was to show that the defendant, in *fi. fa.*, had property in his possession sufficient to pay the judgment, and so relieve the property sold; but the Court said the plaintiff had the legal right to move upon the property in the hands of a *bona fide* purchaser. How much stronger this case than the one at bar, when it is sought to restrain the plaintiff from proceeding against one piece of property, sold by defendant, and force him to

proceed against another. If a plaintiff could not be required to proceed against property in the possession of defendant, much less could he be required to proceed against property in the hands of a *bona fide* purchaser from the defendant.

In Knowles vs. Lawton, 18 Geo. R., 476, this Court decided that, "The purchasers of parts of mortgaged property, have not the right to compel the mortgager to resort, for his money, *first* to the part of the property remaining in the hands of the mortgager." . In the opinion, p. 487, the Court says, " A *general* judgment binds the property of the defendant to it, in whose hands soever, the property may be found, if it got into those hands, at any time, after the lien of the judgment had fastened itself upon it, notwithstanding that this person, into whose hands it may have so got, had never, in fact, heard of the judgment. When the mortgager sells parts of the mortgaged property at different times, to different persons, can these persons compel the mortgagee to go, for his money, first to the property remaining unsold, in the hands of the mortgager, and if that should prove insufficient, then to the parts of the sold property, in any particular order of procedure?" * * * The statute, then, gives, to the mortgagee, the right to sell, under his foreclosure, any part of the mortgaged property, at his own election. A Court cannot interfere with a right thus given; certainly not farther than to compel the mortgagee to take his money, if it should be tendered to him, and then to desist from any proceeding to sell the property. This being so, a Court of equity could not, at the instance of purchasers from the morgager of the mortgaged property, compel the mortgagee to resort, first to the property remaining in the hands of the mortgager; and then, according to some order of priority, to that in the hands of those purchasers." p. 489. The mortgagers are entitled to have payment of their debt before they can be required to abstain from selling, at their own election, any of the lands mortgaged to them. The purchasers of the mortgaged property have only the right, against the mortgagees, to redeem their lands, on the payment of the mortgage debt; and such a right does not give them a title to

ask the mortgagees to bring the mortgaged property to sale, in any particular order. Ibid. This was a case in equity, so that the question has been decided, both in law and equity, that the plaintiff may proceed, at his option, to enforce. his judgment against any property subject to it, except that the defendant has a right to point out what property, in his possession, he will have levied on, if it, in the opinion of the levying officer, be sufficient to satisfy the judgment and costs. See also, Behn & Foster vs. Young & Co., 21, Geo. R., 219; Semmes vs. Moses, Ib., 441; Green, Tracy & Co., vs. Ingram, 16 Geo, R., 170; Semmes vs. Boykin, 27 Geo. R., 53; Carter vs. Neal, 24 Geo. R., 353.

It was insisted that this Court, in Cummings vs. Cummings, 3 Kelly's R., 460, had laid down a rule different from the one now enunciated. It might be a sufficient reply to say that the cases of Hammond vs. Myrick, in the 14th, and Knowles and Lawton, in the 18th, lay down a different rule, the rule as we now announce it, and being later, are to be followed rather than the rule in the Cummings case, if they be in conflict. But there is no conflict. In 21 Geo., R., 441, Lumpkin J., says, " We do not design, in this opinion, to disturb, either the doctrine in Cummings and others, in 3 Kelly, or Lawton and others, in 18 Geo. R., those cases are consistent with each other; and neither of them conflicts with this." The question, in the Cummings case, was one of contribution. The contest, and the sole contest, was whether the property conveyed by Grace Rowell to Henry H. Cummings and to Joseph Ware, should contribute, rateably, to the payment of the mortgage debt; or the property first conveyed should not be subject to the payment of any part of the debt, until the property last conveyed should have been exhausted in such payment. There was no contest with the mortgagee. It was admitted that the mortgage had to be paid; all the parties in interest, were before the Court, and, *as among the purchasers,* the Court, adopting the rule laid down by Chancellor Kent, held that the mortgaged property last sold by the mortgager, after the property, in the hands of the mortgager, is exhausted, shall be first sold,

and that the prior purchasers of portions of the mortgaged property, are not liable to contribute. The opinion, in this case, exhausted the learning on the subject. It would be mere affectation to attempt to add to it. The conclusion of the Court, p. 479, is that there is " no equality and *no contribution* between several purchasers in succession, a$^t$ different times." We have no fault to find with this decision ; but it is not our case.

It was also sought to bring this case within the principle of a creditor having a lien on two funds. New Code, sec. 1939. It may be sufficient to say, this is not a contest between creditors, and, therefore, the principle involved does not apply. If a question of contribution, among these several purchasers of property, subject to this lien, should arise, or a question be made among the several creditors of Kennon, as to what particular property shall be sold to pay Barden's execution, then, possibly these principles may apply ; we don't know. They do not apply to the facts of the case now before us ; which is a contest between a judgment creditor and a claimant, who purchased property subject to the judgment. Under the facts, the Court should not have granted an injunction.

Judgment reversed.