Edward B. Judson et al., Executors, etc., Respondents, *v.* Samuel N. Dada, Appellant, William McMahon et al., Respondents.

One who purchases a part of mortgaged lands, and agrees with his grantor to assume and pay the whole mortgage, may discharge his land from the consequences of that assumption, by agreement made with his grantor while the latter is still the owner of the residue, and a grantee of the residue, after such discharge, cannot claim the benefit of the assumption. The grantee succeeds only to the equities of his grantor, existing at the time of the conveyance, and that without regard to any question of notice.

Defendant A. being the owner of certain premises, subject to a mortgage then on record, sold and conveyed a portion thereof to D. and M., which, as stated in the deed, was "supposed to be eighty acres," the grantor covenanting that in case of a deficiency she would pay therefor at the rate of thirty dollars per acre; the grantees, as the consideration for the conveyance, assumed and agreed to pay the whole mortgage; subse-

quently, it having been ascertained that there was a deficit in quantity of the land conveyed, A. executed to her said grantees a writing agreeing that she would save them harmless, to the amount of $273.32, the sum. agreed to be paid for such deficit, from any claim under the mortgage. A. subsequently conveyed the residue of the premises to other parties, covenanting that the same was free and clear of all incumbrances. In an action to foreclose the mortgage, *held,* that the grantees of such residue were entitled to no other or greater equities than those which A. had at the time she conveyed; that the residue was presumably chargeable in equity with the payment of $273.32 of the mortgage, and the portion so conveyed to D. and M. was chargeable with the balance; that the fact that the covenant of D. and M. to pay the mortgage was contained in a deed on record was immaterial; as were also the facts that the agreement of A. to reassume the amount of the rebate for the deficiency, was not on record, and that the grantees of the residue had no notice thereof.

Such an agreement is not within the recording act.

As to whether the personal liability incurred by the first grantees to the holder of the mortgage, by assuming its payment, could be discharged by subsequent agreement between them and their grantor, *quære.*

So also *quære,* as to whether sufficient was not disclosed in the first deed to put the subsequent grantees upon inquiry, and charge them with constructive notice of the release by A. of the covenant of D. and M. to the extent of the value of the deficit, in case a notice was necessary.

(Argued November 19, 1879; decided January 13, 1880.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment entered upon the report of a referee.

This was an action to foreclose a mortgage securing the sum of $4,500, executed by defendant, Hannah A. Avery, to Burr Burton, plaintiffs' testator, dated October 12, 1863. After the said mortgage was executed and recorded, defendant Dada and one Morrill purchased from Miss Avery, the mortgagor, a part of the mortgaged premises. Their deed stated that the parcel conveyed was "supposed to be eighty acres," and that any excess or deficiency should be paid for at the rate of thirty dollars an acre. The deed by its terms was made subject to the Burton mortgage, which was assumed by the grantees, and agreed to be paid by them as the purchase-price of the land. To secure such payment, the grantees gave to the grantor a mortgage on the land conveyed to

them, of even date with the deed. Subsequently, it was ascertained that there was a deficiency in the land conveyed to Dada and Morrill, and Miss Avery gave to her said grantees a writing allowing them the sum of $272.32 on account of such deficiency, and agreeing to save them harmless from the Burton mortgage to that amount. The writing was not recorded. Thereafter, Miss Avery commenced an action to foreclose her mortgage, in which Dada and Morrill were credited with the amount so allowed for deficiency, and the amount found due and unpaid upon the Avery mortgage, after deducting such credit, was paid by them, and the payment was allowed upon the Burton mortgage. Morrill afterwards assigned his interest in the premises to Dada. Subsequently the defendant McMahon purchased from Miss Avery a portion of the mortgaged premises, and afterwards defendant Green purchased the residue, for which they paid value. The referee found that they purchased without notice of the deficiency in the quantity of land conveyed to Dada and Morrill, and also without notice of the agreement between them and Miss Avery respecting the deficiency, and of the allowance made to them on account of it in her foreclosure suit, and he decided the parcel conveyed to Dada was liable to be sold before those conveyed to McMahon and Green, under the foreclosure sale in this action. Dada claimed that his part of the mortgaged premises should not be charged primarily with the $273.33 and interest.

*Samuel N. Dada*, for appellant. Green cannot claim to have been a *bona fide* purchaser. (15 N. Y., 354; 26 id., 18; 39 id., 70; 50 id., 349.) After the equitable burden, as between Miss Avery and Morrill and Dada, had once attached to her land, no act of hers, or ignorance of Green, as purchaser from her, could remove the burden and replace it upon the land of Morrill and Dada. (6 N. Y. W. Dig., 420; *How. Ins. Co.* v. *Halsey*, 4 Seld., 274; *Clowes* v. *Dickenson*, 5 J. C. R., 235; *Guion* v. *Knapp*, 6 Paige, 35; Thomas on Mortgages, 93; *Stephens* v. *Casbacka*, 3 N. Y. W. Dig., 237; *Hartley*

v. *Harrison*, 24 N. Y., 170; *Flagg* v. *Munger*, 9 id., 583; *Stuyversant* v. *Hall*, 2 Barb. Chy., 151; *Stuyversant* v. *Hone*, 1 Sand. Chy., 425; *Guion* v. *Knoble*, 6 Paige, 35; *Libey* v. *Wolf*, 10 Ohio, 80; *Williams* v. *Sorrell*, 4 Ver., 389; *Bushel* v. *Bushel*, 1 Sch. & Lef., 90.)

*Joshua B. Randall*, for respondents. Plaintiffs must first exhaust their remedy against the Morrill and Dada purchase, before they can resort to Green's land. (*Jumel* v. *Jumel*, 7 Paige Chy., 591; *Halsey* v. *Reed*, 9 id., 446; *Marsh* v. *Pike*, 10 id., 595; *Blyer* v. *Monholland*, 2 Sand. Chy., 478; Thomas on Mortgages, 93, 187; *Russel* v. *Pistor*, 3 Seld., 171; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y., 35, 39; *Comstock* v. *Drohan*, 71 id., 9; *Caloo* v. *Davies*, 73 id., 211.) The plaintiffs can maintain a personal action against Morrill and Dada on their promise to assume and pay the Burton mortgage. The conveyance of Miss Avery being absolute, so is their promise to pay also absolute, and as the conveyance cannot be withdrawn, the promise of assumption and payment cannot be. (*Garnsey* v. *Rogers*, 47 N. Y., 233, 242; *Burr* v. *Beers*, 24 id., 178; *Thorp* v. *Keokuk Coal Co.*, 48 id., 253; *Comstock* v. *Drohan*, 71 id., 9; *Ricard* v. *Sanderson*, 41 id., 179; Thomas on Mortgages, 93; *Wood* v. *Smith*, 20 Albany Law Journal, 38; *Douglass* v. *Wells*, 8 W. Dig., 552; *Mills* v. *Watson*, 1 Sweeney, 74; *Binsse* v. *Paige*, 1 Abb. Ct. Appeals, 138, note.) The unrecorded agreement between Miss Avery and Morrill and Dada, by which Dada now seeks to have his purchase discharged from the payment of a portion of the Burton mortgage, is ineffectual against subsequent purchasers (without notice). (*St. John* v. *Spaulding*, 1 T. & C., 483; *Driggs* v. *Simons*, 3 id., 786; *Stuyversant* v. *Hall*, 2 Barb. Chy., 151, 160.) Dada is estopped from now insisting that his own lands are not first liable; Green having acted on Morrill and Dada's covenants in the deed and mortgage. (*At. Dock Co.* v. *Leavitt*, 54 N. Y., 40.)

RAPALLO, J. The equity of the defendants McMahon and Green to have the land of the defendant Dada first sold for

the payment of the plaintiffs' mortgage, did not arise out of any contract or dealing between them and Dada, but was derived wholly through their grantor Miss Avery. By reason of the assumption of the payment of the plaintiffs' mortgage by Dada and Morrill in the conveyance to them by Miss Avery, of a part of the mortgaged premises, she became equitably entitled (in the absence of any defense against the covenant as between her and them,) to have the land conveyed by her to them first sold, in case of a foreclosure of the mortgage, in exoneration of the residue of the mortgaged premises retained by her. Her subsequent grantees of this residue succeeded to whatever equitable rights she had under this covenant in respect to the land conveyed by her, but nothing more. They could not derive through her any other or greater equity than she herself possessed at the time of her conveyance to them. They never had any equity except such as then attached to the land conveyed, and passed as incident to the conveyance. They took her covenant that the land she conveyed to them was free from incumbrances. The plaintiffs' mortgage was at the time a recorded lien upon all the property. At the same time the covenant between Miss Avery and Dada and Morrill, which was also on record, apparently, as between Miss Avery and Dada and Morrill, constituted the land conveyed to them the primary fund for the payment of the mortgage. It may be supposed, though the fact does not appear in this case, that McMahon and Green relied upon this covenant as well as upon the covenants of Miss Avery with them, for their protection. But long before Miss Avery's conveyance to them, and while she was still owner of the land afterwards conveyed to them, she had in substance released Dada and Morrill from their assumption of the mortgage, to the extent of $273.32, and as between her and them her land was primarily chargeable in equity with that portion of the plaintiffs' mortgage, and their's was chargeable only with the residue. I am unable to comprehend upon what principle her subsequent grantees could become entitled to any greater equity than she had.

If in consequence of her dealings with Dada and Morrill the primary fund for the payment of the mortgage had been diminished, and the land afterwards conveyed by her to McMahon and Green had consequently become deprived of its protection as to a portion of the recorded mortgage, their remedy was against Miss Avery upon her covenant,—and not against the defendant Dada to revive a liability from which he and his land had been discharged by their grantor before her conveyance to them.

Stress is laid upon the fact that the covenant of Dada and Morrill was contained in a deed upon record, but I cannot see that this gives the respondents any greater rights than they would have if the covenant had been contained in a separate instrument of which they had notice. It was equally subject to any defense which might exist as against Miss Avery, at the time she conveyed.

It is also urged that Miss Avery's agreement to credit, as a payment on the mortgage, the amount of the rebate for deficiency in the quantity of land, was not on record, and therefore was not binding upon her subsequent grantees for value without notice. This agreement was not within the recording act. It might as well be contended that an unrecorded release of part of a mortgage debt or of part of mortgaged premises by mortgagee to mortgagor was not binding upon a subsequent assignee of the mortgage without notice. The transaction was not a conveyance of real estate and did not come in any aspect within the recording act; and putting it on record would not have been notice to McMahon and Green. The case presents a mere conflict of equities between the defendant Dada, who claims that his land was partially discharged from his assumption of the $4,500 mortgage, and the respondents, who claim that they bought relying upon that assumption, or are entitled to the benefit of it. The equities of the appellant being the first in point of time should prevail. It is impossible I think to hold that one who purchases part of mortgaged lands. and agrees with his grantor to, assume the whole mortgage in exoneration of the residue of

the lands, cannot discharge his land from the consequences of that assumption, by agreement with his grantor, made while still the owner of the residue of the land subject to the mortgage, and that a subsequent grantee of such residue of the land can claim the benefit of the assumption, notwithstanding such discharge.

The case would be quite different if the discharge had been given after the grantor had sold the residue of the land to a party who had relied upon the assumption. It might then be beyond the control of the grantor, the rights of third parties having attached.

The question whether the personal liability incurred by the first grantee to the holder of the mortgage, by assuming the payment of it, could be discharged by agreement between the grantor and grantee, is not involved in this case. It depends upon different considerations. But even that liability depends upon the nature of the dealing in which the assumption is made, and is subject to any condition or defeasance attached thereto. (*Garnsey* v. *Rogers*, 47 N. Y., 233.) And if the consideration for the assumption fails, or there is a good defense to it as between the parties, it is difficult to say that it can nevertheless be enforced by the mortgagee. A cotemporaneous agreement on a separate paper will qualify or control it even as to the mortgagee. (*Flagg* v. *Munger*, 9 N. Y., 583.)

It is further claimed on the part of the appellant that the deed itself in which the assumption is contained, disclosed enough to put the respondents on inquiry and charge them with constructive notice of the release by Miss Avery of the appellant's covenant to the extent of the value of the land which was deficient. It appeared on the face of the deed that the consideration of the assumption was the conveyance by Miss Avery to Dada and Morrill of a piece of land, part of the mortgaged premises, supposed to contain eighty acres and that it was agreed between the parties that if the quantity was less or more than eighty acres the excess or deficit should be paid for at the rate of thirty dollars per acre. Whoever purchased the land relying upon the assump-

tion was thus notified of the consideration thereof, and that if the land conveyed to Dada and Morrill fell short, and Miss Avery failed to pay Dada and Morrill for the deficiency, they would be equitably entitled to be relieved from their undertaking to pay the $4,500 mortgage to the extent of the agreed valuation of such deficiency, and Miss Avery's remaining land would be subject to that amount, and the question is presented whether under these circumstances the subsequent purchasers from Miss Avery, with notice of this infirmity in the assumption, or that it was subject to the contingency referred to, were not bound to inquire whether any deficiency had been discovered and ascertained, and if so, whether it had been paid for, as agreed. Such an inquiry would have disclosed the fact that a deficiency had been ascertained and settled for by relieving Dada and Morrill from their assumption to that extent, and the point arises whether upon the principle recognized in *Williams* v. *Brown* (15 N. Y., 354), the respondents are chargeable with constructive notice of these facts. We do not consider it necessary to determine this point, as it is sufficient for the decision of the case that the grantees of Miss Avery succeeded only to such equities as she actually had at the time of her conveyance to them, without regard to the question of notice, and that they can claim no greater equities than she could have claimed, had she still continued to be owner.

That part of the judgment or decree which is specified in the notice of appeal to the General Term should be reversed. The judgment of foreclosure and sale should stand, and judgment be rendered in favor of the appellant on the question of the order in which the mortgaged premises shall be sold.

The plaintiffs costs on this appeal should be paid out of the proceeds of sale, and the appellant Dada should recover his costs of the appeals to the General Term and to this court. The form of the judgment should be settled on notice.

All concur, except Andrews, J., taking no part; Danforth, J., concuring in result.

Judgment accordingly.