CRAIGMILES _et al._ _v._ GAMBLE _et al._

85 439
†107 534
107 536
85 430
124 723

1. Where a person is indebted by general judgments to certain of his creditors, makes a sale of and conveys by warranty deed a portion of his lands to another for a fair and valuable consideration, and after such sale and conveyance certain other of his creditors obtain general judgments against such debtor, and when all of the property of the debtor is sold by the sheriff, including the land conveyed, and the money arising from such sale is in the hands of the officer for distribution, the _bona fide_ purchaser has a superior

equity to have so much of the fund which arose from the sale of the debtor's property, other than from the land conveyed to him, applied to ¦theolder judgment liens antedating his purchase, to the equity of the junior judgment creditors to have the older judgments be paid first out of the fund which arose from the sale of the purchaser's land.

2. In such a case the fund will be distributed according to equitable principles, and ratable contribution of the two funds towards satisfying the older judgment liens would be inequitable.

3. This not being a contest between several *bona fide* purchasers, the rule as applicable to them is not decided.

　　　May 7, 1890.

Money rule. Liens. Debtor and creditor. Equity. Contribution. *Bona fides.* Before Judge MILNER. Chattooga superior court. September term, 1889.

Reported in the decision.

DABNEY & FOUCHÉ, for plaintiffs, cited Code, §§1949, 3142 ; 18 *Ga.* 65 ; 55 *Ga.* 177 ; 80 *Ga.* 177 ; Hare & Wal. L. C. Eq. 374.

J. M. BELLAH, W. L. SHROPSHIRE, W. M. HENRY, F. W. COPELAND and H. L. CULBERSON, for defendants, cited Code, §1953 ; 14 *Ga.* 216 ; 30 *Ga.* 537 ; 45 *Ga.* 97; 54 *Ga.* 43.

BLANDFORD, Justice.

　　In this case, G. M. C. Branner being indebted to several creditors, they sued and obtained general judgments against all his property, upon which writs of execution issued. After these judgments were obtained against Branner, he sold and conveyed to Gamble certain land, by a deed containing a warranty of title which was also a warranty against all encumbrances. After this deed of conveyance was made by Branner to Gamble, the plaintiffs in error obtained judgments against Branner which constituted liens upon all the property which Branner then had. The land which had been conveyed to Gamble and other lands and personal property owned by Branner were sold under the

older *fi. fas.*, and the money arising from said sale was in the hands of the sheriff for distribution among the creditors of Branner or others having claims upon the funds. The plaintiffs in error, who are the junior judgment creditors of Branner and whose judgments were obtained since the conveyance by Branner to Gamble, brought a rule against the sheriff to distribute this fund. Upon the trial of the case in the court below, these junior judgment creditors contended that the money arising from the sale of the land conveyed to Gamble should be first applied to the payment of the older judgment liens, inasmuch as they could not participate in that fund, their judgments having been obtained since the sale and conveyance of the land by Branner to Gamble. Gamble contended that the older judgment liens prior in date to his conveyance should be paid first out of the money in the sheriff's hands which arose from the sale of all the other property of Branner, and not out of the fund arising from the sale of the land conveyed by Branner to himself. The court below held and decided that the judgment liens antedating the deed from Branner to Gamble should be first paid out of the funds arising from the sale of the property of Branner which was left after the conveyance to Gamble. To this decision the junior judgment creditors excepted, and they now prosecute their writ of error to reverse the same. It will be noted that the senior judgment creditors make no contest with these parties, but are satisfied to get their money out of any fund, and are satisfied with the decision of the lower court.

It may be stated as a general rule that, in cases like this, if the equities of the contesting parties are precisely the same and one not superior to the other, the doctrine of contribution would prevail, that is, the whole fund would be first made to bear the payment of the superior lien so as to make each fund of the contestants

bear its ratable proportion towards extinguishing the superior lien. But where one of the contesting parties has a superior equity over the other, the rule of contribution does not exist. And in a case like this, the first question to be solved is, which equity of the parties claiming the fund is the superior? It is not denied that Gamble was a *bona fide* purchaser with a deed of conveyance warranting against encumbrances; that when the junior judgment creditors obtained their judgments, the liens of these judgments did not attach to the property purchased by Gamble from Branner; and that before these judgments were rendered, this land as to them was the property of Gamble. If in equity Gamble could have forced the senior judgment creditors to go upon the other property of Branner for the payment of their liens, then it would follow that his equity was superior to that of the junior judgment creditors who subsequently acquired their liens. And while for technical reasons he may not have been enabled, under the statute laws of this State, to force the senior general judgment liens upon the other property of Branner not embraced in the deed of conveyance from Branner to himself, his right and equity was the same, although it could not have been enforced against these older judgment liens. *Barden* v. *Grady*, 37 *Ga.* 660. So that when the junior judgment creditors obtained their judgments and acquired their liens, they had no equity whatever as against the property sold and conveyed by Branner to Gamble. It seems to us that the equity of Gamble, being prior in time, was superior to any equity acquired by the junior judgment creditors, and moreover, the fund which arose from the sale of the land which had been conveyed by Branner to Gamble was produced by the land of Gamble, his property. When Gamble made the purchase from Branner, he acquired this property subject alone to the encumbrances thereon

created by the judgments rendered in favor of the senior judgment creditors. So we think that Gamble's equity to have the general senior judgment creditors paid out of the fund arising from the sale of Branner's property other than the lands conveyed to Gamble, is superior to any equity of the junior judgment creditors. But this does not touch the question between several innocent purchasers. The doctrine of *qui prior in tempore potior est in jure* entitles the first purchaser to a preference, and to exemption from contribution. We think we are fully sustained in this opinion by the decision of this court in *Cumming* v. *Cumming et al.*, 3 *Ga.* 467. In a very able opinion upon the same question, Lord Chancellor Sugden, in the case of Averill *v.* Wade, 1 Molloy, 567, Lloyd & Gould's Rep. 252, held that, where a party seized of several estates and indebted by judgment, settles one of the estates with a covenant against encumbrances and subsequently acknowledges other judgments, the prior judgment should be thrown altogether on the unsettled estates, and that the subsequent judgment creditors have no right to make the settled estate contribute. The same view was expressed by Chancellor Kent in the case of Clowes v. Dickinson, 5 Johns. Ch. 235, s. c. 9 Cow. 403. This decision has been followed in New York ever since, as will be seen in the cases of James v. Hubbard, 1 Paige, 228; Gouverneur v. Lynch, 2 *Id.* 300 ; Guion v. Knapp, 6 *Id.* 35; Skeel v. Spranker, 8 *Id.* 132; Patty v. Pease, *Id.* 277; Schryver v. Teller, 9 *Id.* 173; Rathbone v. Clark, *Id.* 648; Kellogg v. Rand, 11 *Id.* 59; Stuyvesant v. Hall, 2 Barb. Ch. 151; LaFarge Ins. Co. v. Bell, 22 Barb. 54; Crafts v. Aspinwall, 2 Comst. 289; Judson v. Dada, 79 N. Y. 373; Coles v. Appleby, 22 Hun, 72, s. c. 87 N. Y. 114; Kendall v. Niebuhr, 58 How. Pr. 156.

We are aware that there are some decisions to the contrary of this doctrine, but a large majority of the

courts who have had this question before them have decided as we have here indicated. It may be said that the case of *Semmes* v. *Boykin et al.*, 27 *Ga*. 47, looks in a different direction; but a close attention to that case will show that the particular equities of the parties were not settled by the judgment of this court. It was merely decided that the bill filed by the creditor had equity in it, and to this extent alone did the decision go. It did not conflict with the decision referred to above of *Cumming* v. *Cumming*. See also Herbert *v.* Mechanics', &c., Loan Association, 17 N. J. Eq. 497; 3 Pomeroy's Eq. Jur. 1224; 2 Washburn on Real Prop. p. 212 *et seq.*, where there is a general summing up of this doctrine as held by the different courts of the United States, the large majority of which favor the views we have expressed.

The record shows that certain of the older judgments were rendered by the justice court without jurisdiction, the summons not having been filed fifteen days before the term of court at which these judgments were rendered. It was admitted in the argument before us that these judgments should not participate in the fund at all. Of course the court below should take care that no execution issued on a void judgment shall take part in the distribution of the fund. And if he shall find, upon the return of this case, that any such judgments exist, the executions issued thereon should be ruled out from any participation in the fund.

*Judgment affirmed with direction.*