## HOLLINSHED *v.* WOODARD, administrator.

124　721
s128　13

1. A private sale by an executor acting under the authority of the provisions of a will authorizing such a sale will not divest the lien of a judgment against the executor. This is true though the debt upon which the judgment was founded was a liability of the estate created after the death of the testator.

2. The general rule laid down in the Civil Code, §5424, that when property subject to a lien is sold in different parcels by the debtor, the part remaining should be first applied to the payment of the lien, and the parcels should be charged in the inverse order of their alienation, is a rule of contribution among the purchasers, and does not affect the right of the creditor to levy upon any of the parcels subject to his execution.

3. If a levying officer refuses to levy on property pointed out by the defendant in execution, when that property is sufficient to satisfy the execution and is subject to it, the officer is liable to the defendant in execution for any actual damages he may sustain as a result of a levy upon other property, but the levy upon the other property is not rendered illegal.

Argued November 29, 1905.—Decided January 13, 1906.

Levy and claim. Before Judge Felton. Houston superior court. April 4, 1905.

An execution in which Gano was plaintiff, and W. H. Harris, executor of H. C. Harris, was defendant, was levied on a described lot of land in Fort Valley, Ga. W. H. Hollinshed filed a claim. At the trial I. T. Woodard, administrator, was made a party in place of Gano, deceased. The claimant introduced in evidence the will of H. C. Harris, which gave authority to the executor to sell and transfer the realty of the estate at his discretion, without order of court. A deed from the executor was then introduced, conveying the property levied on to the claimant, and it was shown that this deed was executed prior to the levy of the execution, but after the record of the execution against the executor. The claimant offered evidence to show that there was in the estate of the testator other property, besides that levied upon, sufficient to satisfy the execution, and that the executor endeavored to have the sheriff levy upon this other property, but, on direction of counsel for the plaintiff in execution, the sheriff refused to levy as requested, and the property levied on was sold to the claimant for the purpose of discharging a debt due by the estate, and the money received from the sale was so applied by the executor. The court, on objection, ruled out this testimony, and directed a verdict for the plaintiff. The claimant excepted.

46

*A. L. Miller* and *L. L. Brown,* for plaintiff in error.

*Mathews & Riley,* contra.

COBB, P. J. (After stating the foregoing facts.) When an administrator sells land under a proper order of the court of ordinary, liens thereon are divested and transferred to the fund. Civil Code, § 3453; *Herrington* v. *Tolbert,* 110 *Ga.* 528. An administrator can not sell land without an order of the court of ordinary. Civil Code, § 3450. A sale by an executor under an order of the court of ordinary will divest the lien of an existing judgment, unless the property is under levy at the time the sale is made. *Reed* v. *Aubrey,* 91 *Ga.* 436. In *Bond* v. *Zeigler,* 1 *Ga.* 324, it was held that when an executor was authorized by will to sell the property of the testator at private sale for the purpose of paying debts, such a sale would pass a good title to the purchaser, as against the creditors of the estate, provided the purchase was bona fide and without fraud on the part of the purchaser. In this case the question as to whether liens would be divested by such a sale was not involved. In *Harwell* v. *Foster,* 102 *Ga.* 38, it was held that a sale of land by an administrator or executor under an order of the court of ordinary is in the nature of a judicial sale, but that a sale under authority of a power contained in a will, while legal within the limits prescribed, was in no sense judicial in its character, there being none of the qualities of judicial sanction in a sale by an executor independently of the action of the court adjudicating the necessity therefor. The question involved in that case was whether a claim could be interposed to property which an executor was proceeding to sell under the authority of the will without an order of the court of ordinary. It was held that the statute in reference to claims at judicial sales did not apply to sales of this character. The general rule is that only judicial sales will have the effect of divesting existing liens. In *Mutual Loan & Banking Co.* v. *Haas,* 100 *Ga.* 111, it was held that a sale under a power in a mortgage would divest the lien of a judgment against the mortgagor, rendered after the mortgage had been duly registered. It was said that a sale under such circumstances was the equivalent of a sale under foreclosure by a court of competent jurisdiction. Mr. Chief Justice Simmons in the opinion said: "A creditor of a mortgagor who obtains his judgment subsequently to the execution of a mortgage which has been duly registered takes it subject to the rights of the

mortgagee; and the power of sale being part of the security, he takes it subject to the exercise of that power. His judgment attaches merely to the equity of redemption. He stands in the shoes of the mortgagor, and can not defeat the exercise of the power any more than the mortgagor himself could." It may be stated as a general rule that neither a living person nor the legal representative of a dead person can by the sale of property divest the lien of creditors of the owner, unless the sale was judicial in its nature, or the circumstances were such that the lien creditor would be concluded by the instrument in which the power of sale was created.

2. The general rule laid down in the Civil Code, §5424, that when property subject to a lien is sold in different parcels by the debtor, the part remaining should be first applied to the payment of the lien, and the parcels should be charged in the inverse order of their alienation, is a rule of contribution among the purchasers, and does not affect the right of the creditor to levy upon any of the parcels subject to his execution. The section is merely a codification of *Craigmiles* v. *Gamble, 85 Ga.* 439, which recognizes the rule above referred to as laid down in *Barton* v. *Grady,* 37 *Ga.* 660.

3. A levy is not rendered illegal because the property may be in the hands of one other than the defendant in execution. *Benson* v. *Dyer, 69 Ga.* 190. The defendant in execution may point out to the officer the property to be levied upon. Civil Code, §5429. But if the officer violates his duty by refusing to levy on the property pointed out by the defendant, he is liable to him for such actual damages as he may sustain as a result of the officer's conduct. But this will not invalidate the levy. *Barfield* v. *Barfield,* 77 *Ga.* 83. See also *Thompson* v. *Mitchell,* 73 *Ga.* 127.

*Judgment affirmed. All the Justices concur.*