## NOLES *v.* FEW.

1. Where property is subject to a lien and part of it is sold by a debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to the lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation. Civil Code, § 6029.

2. This case is controlled by the ruling in *Blalock* v. *Buchanan,* 114 *Ga.* 564 (40 S. E. 717), which holds that "Where an execution founded upon a common-law judgment is levied upon land and before the sale the tax-collectors of the county and city place tax executions in the hands of the levying officer, with directions to retain a sufficient amount from the proceeds of the sale to pay off the tax executions,

and the proceeds of the sale amount to more than enough to satisfy the tax fi. fas., . . . and the sheriff transfers them to the purchaser, who subsequently has them levied upon other property of the defendant, an affidavit of illegality upon the ground that the tax fi. fas. have been paid off and discharged should be sustained. Under the facts stated, the fi. fas. were paid off, and the sheriff had no right to transfer them to the purchaser."

3. It therefore follows that the trial judge did not err in the direction of the verdict of which complaint is made.

No. 3428. APRIL 12, 1923.

Equitable petition. Before Judge Park. Morgan superior court. September 7, 1922.

D. P. Few brought a petition for injunction against C. S. Baldwin, sheriff, and J. T. Noles, in which he alleged that on May 3, 1922, N. O. Smith, a constable of said county, levied a fi. fa. against W. H. Payne, which had been issued by the tax-collector of said county on December 20, 1920, upon certain described land as the property of W. H. Payne, the fi. fa. being for State and county taxes for the year 1920; that the fi. fa. purported to have been transferred by N. O. Smith, constable, to J. T. Noles, and the levy was made at the instance of and for the benefit of Noles; that the fi. fa. had been placed in the hands of Baldwin, the sheriff, who was proceeding to sell the land; that certain personal property had been levied on and sold as the property of W. H. Payne by the sheriff, and had brought $62.05, which sum was paid to the sheriff; that prior to the sale of the personal property the tax-collector of Morgan county placed in the hands of the sheriff the tax fi. fa., with instruction to retain enough of the money received from the sale of the personal property to pay the fi. fa.; that before the money in hand was disbursed the tax fi. fa. was again levied by the said constable on other personal property of Payne, which was sold and brought the sum of $40; that the property sold under these two fi. fas. brought more than enough to satisfy the tax fi. fa.; that the money arising from the sales under both of the fi. fas. was appropriated, at the direction of Noles, first to the payment of the 1920 tax fi. fa., by paying the same to the tax-collector, and said tax fi. fa. was transferred to Noles by Smith, the constable, and on May 30, 1922, Noles caused the fi. fa. to be levied on the aforesaid land; that the tax fi. fa. had been satisfied, and was proceeding illegally; that the land levied on was not subject, and was not the property of the defend-

ant in fi. fa., W. H. Payne, but was the property of Few, the petitioner, he holding it under warranty deed from Payne, dated December 14, 1920; that it would be inequitable to subject the land to the payment of the tax fi. fa.; that Few is without remedy at law, and that Payne is insolvent. Few prayed that the defendants be enjoined from proceeding further with the levy of the tax fi. fa.; that it be cancelled; that the levy be dismissed; and that the sheriff be enjoined from advertising and selling said land under the levy.

In his answer Noles denied that the tax fi. fa. had been satisfied, and set up that the common-law judgment mentioned by the plaintiff was a special fi. fa. issued in a bail-trover proceeding by Noles against Payne, and was a special lien against the property sold thereunder; and that $40 of the money paid over to the constable by the sheriff was the proceeds of certain personal property to which Noles the defendant had title, and was his money; that the levy is proceeding only for the taxes due on the land for the year 1920; and that it would be unjust for defendant to have to pay out of the property on which he held a special lien the taxes on the land now under levy.

Smith, the constable, testified for the plaintiff, that the fi. fa. against Payne was placed in his hands for collection; that it was for State and county taxes for the year 1920, and was levied on personal property of Payne; that the witness received the fi. fa. from the tax-collector, and placed it in the hands of the sheriff to hold up money which he had heard the sheriff had in his hands from the sale of personal property; that the money from the personal property and the money turned over to him by the sheriff was sufficient to pay all due on the tax fi. fa., and $13.12 over, and that the money from the two funds was put together and paid to the tax-collector. The plaintiff also introduced in evidence the entry of levy on the land by Smith, constable; a deed to the one acre levied on (the land embraced in the deed amounting to 69 acres) ; and a bill of sale from W. H. Payne to G. F. Graves, upon which the claim of J. T. Noles in his trover action was based, attempting to show that title to the property was never in Noles. The plaintiff testified that the deed to the 69 acres was given to him by Payne to pay back an indebtedness for borrowed money; and that the one acre described in the levy was part of the 69 acres conveyed by the deed.

· The defendant introduced in evidence the tax digest of. Morgan county, showing a return by W. H. Payne of 69 acres of land and personal property of the value of $300; also the tax fi. fa. against Payne for State and county taxes for the year 1920, showing on the back thereof a transfer of the same to J. T. Noles by N. O. Smith, L. C., and an entry of record of the fi. fa. on the general execution docket of the superior court of Morgan county; also · a bail-trover suit by J. T. Noles against W. H. Payne, for the recovery of personal property described therein, showing that a judgment for $190 for its value and $25 for its use had been taken therein; and the entry of levy and sale thereunder, showing a total amount received of $62.05.

The court directed a verdict in favor of the plaintiff; and a decree was entered, making the restraining order permanent. Noles excepted.

*M. C. Few,* for plaintiff in error.  *E. R. Lambert,* contra.

RUSSELL, C. J.  Two questions are raised in this case.  First, whether two pieces of property, one realty and the other personalty, should be subjected ratably to the lien for taxes against the former owner of such property, W. H. Payne; or whether, because the personal property has been sold under judicial process and brought into the hands of the officer in charge of the tax fi. fa. a sufficient amount to discharge all of the taxes which were a lien both upon Payne's realty and personalty, the land of Payne, which had previously been sold to D. P. Few, is relieved from the lien and Few thereby is excused from the payment of any tax.  The second question is whether the constable was authorized to transfer the tax fi. fa. to Noles, so as to keep the lien alive and enable Noles, as transferee of the fi. fa., to levy upon the land which had been sold by Payne to Few.

It seems that on December 16, 1920, Payne, the defaulting taxpayer, sold a tract of land containing sixty-nine acres to D. P. Few, executing to him a warranty deed,  One acre of this tract, containing the dwelling-house and other outbuildings, was levied upon by virtue of the fi. fa. issued for Payne's taxes for the year 1921.  This fi. fa. was transferred by N. O. Smith, constable, to J. T. Noles.  Few filed an equitable petition to enjoin the sale, and set up as grounds for injunction the fact that the tax had already been paid, and that for that reason the subsequent transfer of the fi. fa. to Noles was void.

We start with the proposition insisted upon by the plaintiff in error, that as a general rule the liens against the property of Payne should rest against his property both real and personal, ratably in proportion to the value, and that each should bear its pro rata amount of this tax lien. This is the general doctrine announced in *Brooks* v. *Matledge,* 100 *Ga.* 367 (28 S. E. 119). However, this general rule is modified by an exception as pointed out in *Merchants National Bank* v. *McWilliams,* 107 *Ga.* 532, 535 (33 S. E. 860), which considers § 6029 of the Civil Code and bases itself upon the authority of *Craigmiles* v. *Gamble,* 85 *Ga.* 439 (11 S. E. 838). In the case in 107 *Ga.* supra, this court held that "when one purchases property from another in good faith for value, a debt against the grantor can not ordinarily be enforced against the property purchased; but when there is an existing lien upon the property purchased, as well as other property of the debtor, the enforcement of the lien should, under plain principles of justice, first be directed to the property which the grantor retains." " By the provisions of the Civil Code [1895], § 2791, liens for State and county taxes are declared superior to all other liens; taxes due the State being first in rank, and taxes due the county being second. And such taxes are to be charged against the owner of the property. Political Code [1895], § 778. By § 5424 of the Civil Code [1895], which was founded on the case of *Craigmiles* v. *Gamble* [supra], it is provided that where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien; and if the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation — that is to say, that the last parcel sold, if no other property remains in a debtor against whom the tax execution issued, shall be subject to the payment of all of the taxes due at the time of the last sale." As it appears from the record in this case that the sale of the land by Payne to Few left Payne still in possession of the personal property upon which Noles held a lien as transferee, and which was subject as well to the lien for taxes, and as the sale thereafter under legal process must be treated as a sale by Payne himself; we must hold, under the authorities cited, as well as the ruling in *Blalock* v. *Buchanan,* 114 *Ga.* 564 (40 S. E. 717),

that the trial judge properly directed that the acre of land of Few was not subject to the tax fi. fa. which had been transferred to Noles.　　　　*Judgment affirmed. All the Justices concur.*