## BIBB NATIONAL BANK v. COLSON et al.

1. The lien for State and county taxes attaches to property at the time fixed by law for the valuation of the same in each year. Since the petition alleged that the sale under the tax fi. fa., at which the defendant in error purchased the 50-acre tract of land in question, was had on November 21, 1921, it must be assumed that the tax execution issued for taxes due by the common grantor for the year 1920 or some year prior thereto. In this event the ownership of the property at the time of the sale is entirely immaterial, since the lien for the State and county taxes attaches to the property subject to taxation from the time fixed by law for the valuation of the same. Furthermore, taxes due the State are not only against the owner but against the property also, regardless of judgments, mortgages, sales, transfers, or incumbrances of any kind.

2. The trial court correctly held that the petition was subject to general demurrer.

3. The request of the plaintiff in error as presented in its brief, that should there be an affirmance of the judgment of the lower court it be affirmed with direction that the plaintiff be allowed to amend its petition in any manner that it may be able to do, provided said petition as amended shall be sufficient to set out a cause of action, must be denied. The judgment of this court affirming the sustaining of a general demurrer is as final a disposition of the case as the affirmance of a judgment upon verdict.

No. 4990. July 3, 1926.

Equitable petition. Before Judge Highsmith. Glynn superior court. May 28, 1925.

*Edna A. Ferguson, A. H. Crovatt,* and *W. C. Little,* for plaintiff. *J. T. Colson,* for defendants.

Russell, C. J. The petition in this case alleges that on June 7, 1921, W. R. Tucker sold a described tract of land, containing 300 acres, to R. R. Tucker, under a power of sale contained in a certain deed to secure a debt, from T. L. Cain to W. R. Tucker, said security deed being dated January 6, 1921. On November 1, 1921, R. S. Pyles, as sheriff of Glynn County, executed to J. T. Colson a deed to a described fifty-acre tract off of said 300 acres, said deed having been made "after the levy and sale of said property by said R. S. Pyles, sheriff as aforesaid, under a tax execution in favor of the State of Georgia and the County of Glynn against the said T. L. Cain." On June 11, 1924, Edward F. Tay-

Appeal and Error, 4 C. J. p. 1147, n. 60; p. 1148, n. 75.

Evidence, 22 C. J. p. 133, n. 31; p. 140, n. 54.

Taxation, 37 Cyc. p. 1138, n. 2; p. 1142, n. 22; p. 1145, n. 41; p. 1514, n. 32.

lor, as trustee of the estate of R. R. Tucker, bankrupt, executed a deed to the petitioner, conveying 225 acres of the first above-described property, of which the fifty-acre tract is a part. It is further alleged in the petition, that at the time Pyles levied upon the fifty-acre tract under said tax execution said T. L. Cain was not the true owner, nor was he in possession of said property under any lawful claim or right, but R. R. Tucker was the true owner of said property and was in possession thereof under a good and sufficient deed from W. R. Tucker, "and the deed from said R. S. Pyles, as sheriff, to said J. T. Colson, is void and should be cancelled;" that petitioner is the true owner of said property and is now in possession of same under warranty deed, "which is perfect title to said property." It is alleged that the deed from Pyles, sheriff, to Colson is such as would operate to throw a cloud upon petitioner's title and might be injuriously used against petitioner. Petitioner can not immediately or effectively maintain or protect its rights by any other course or proceeding, and petitioner suffers present injury by said Colson's claim of right. Petitioner has given notice of intention to file suit, but said notice has been ignored and not complied with. Petitioner is ready and willing to pay to the County of Glynn or to the holder of the tax deed hereinbefore described the lawful taxes that were due upon said property on the tax execution levied on the property aforesaid, and to fulfill its obligations as equity may demand. The petition prays that said deed from Pyles, sheriff, to Colson be cancelled and set aside, for process, and for such other and further relief, etc. The defendants demurred to the petition generally upon the ground that the same set forth no cause of action. The judge sustained the demurrer and dismissed the petition, and the petitioner, the Bibb National Bank, excepts to this judgment.

In the absence of an allegation to the contrary, and in view of the presumption of regularity attaching to all official acts, it must be assumed, from the allegation that the sale under the tax fi. fa. was had on November 21, 1921, that the tax execution issued for taxes due by T. L. Cain on the property in question for the year 1920 or some year prior thereto. This being so, it mattered not who was the owner of the property at the time of the tax sale, since the State's lien for taxes attached to the property from the time fixed by law for valuation of the same in each year until such

taxes were paid. Civil Code (1910), § 3333. The property returned or held at the time of giving in was subject (§ 1140), and the lien of the State could not be divested by the sale set forth in the petition. "Taxes due the State are not only against the owner, but against the property also, and that without reference to judgments, mortgages, sales, transfers, or incumbrances of whatsoever nature or effect. The only concern as to an owner, at all, is merely to know against whom the assessment is to be made, whilst the tax itself, and the lien thereof, is against the property." *Verdery* v. *Dotterer,* 69 *Ga.* 194, 198. Consequently the trial judge did not err in dismissing, upon general demurrer, the petition which had for its sole ground of attack upon the defendant's deed that at the time of the sale alleged T. L. Cain was not the owner of the described property.

The request of the plaintiff in error that should this court be of the opinion "that the judgment of the trial court must be affirmed, . . such affirmance be made conditional upon the plaintiff being allowed to amend its petition in any manner that it may be able to do, provided said petition as amended shall be sufficient to set out a cause of action," and is made before the judgment of this court is made the judgment of the trial court, is denied. Even if the facts set forth in the supplemental brief containing such request had been incorporated in the petition as originally filed, it is not at all certain that the petition would have been sufficient to withstand a general demurrer. See *Wilson* v. *Boyd,* 84 *Ga.* 34 (10 S. E. 499). The rule which the plaintiff seeks to invoke, as announced in *Merchants National Bank* v. *McWilliams,* 107 *Ga.* 532 (33 S. E. 860), and *Noles* v. *Few,* 155 *Ga.* 471 (117 S. E. 374), was applied in each of the named cases because proper proceedings had been instituted prior to the sale under the tax executions.	*Judgment affirmed. All the Justices concur.*