27179.  CITY OF LEESBURG *v.* FORRESTER, administrator.

DECIDED FEBRUARY 23, 1939.

*E. L. Smith,* for plaintiff.

*E. L. Forrester, Robert R. Forrester,* for defendant.

BROYLES, C. J.  1.  "Taxes shall be paid before any other debt, lien, or claim whatsoever, and the property returned or held at the time of returning them, or thereafter, shall always be subject." Code, § 92-5707.  "Liens for taxes, whether ad valorem, specific, or occupation, due the State, any county thereof, or municipal corporation therein, shall cover the property of taxpayers liable to tax, from the time fixed by law for valuation of the same in each year until such taxes are paid, and the property of tax collectors and their sureties from the time of giving bond until all the taxes for which they are responsible shall be paid.  Such liens for taxes are hereby declared superior to all other liens, and shall rank among themselves as follows:  First, taxes due the State; second, taxes due the counties of the State; third, taxes due to municipal corporations of the State.  (Acts 1873, p. 42.)"  § 92-5708.  "A sale of property under any other process shall not divest the lien of the State for taxes."  § 92-5709.

2.  "Aside from such exemptions from taxation as may be provided by law (Civil Code of 1910, §§ 6554, 6556; *Tarver* v. *Dalton,* 134 *Ga.* 462, 67 S. E. 929, 29 L. R. A. (N. S.) 183, 20 Ann. Cas. 281), parties can not by any sort of contract defeat the right of the government to collect the taxes for which property would otherwise be liable.  *Bibb National Bank* v. *Colson,* 162 *Ga.* 471 (134 S. E. 85) ; *Decatur County Building & Loan Asso.* v. *Thigpen,* 173 *Ga.* 363 (160 S. E. 387). . .  While the grantor and grantee in a security deed may agree as between themselves as to which shall be liable for the taxes upon the property conveyed, the complete title is nevertheless subject to taxation as a whole, and a sale made in pursuance of a proper assessment and execution would divest the interest and title of each of the parties, with the exception of the right of redemption.  Civil Code (1910); §§ 1018, 1140,

3333; *National Bank* v. *Danforth,* 80 *Ga.* 55 (7 S. E. 546) ; *Bank of the University* v. *Athens Savings Bank,* 107 *Ga.* 246 (33 S. E. 34) ; *Phœnix Mutual Life Insurance Co.* v. *Appling County,* 164 *Ga.* 861 (6) (139 S. E. 674)." *Real Estate Loan Co.* v. *Union City,* 177 *Ga.* 55 (169 S. E. 301).

3. "The lien for State and county taxes attaches to property at the time fixed by law for the valuation of the same in each year. Since the petition alleged that the sale under the tax fi. fa., at which the defendant in error purchased the 50-acre tract of land in question, was had on November 21, 1921, it must be assumed that the tax execution issued for taxes due by the common grantor for the year 1920 or some year prior thereto. In this event the ownership of the property at the time of the sale is entirely immaterial, since the lien for the State and county taxes attaches to the property subject to taxation from the time fixed by law for the valuation of the same. Furthermore, taxes due the State are not only against the owner but against the property also, regardless of judgments, mortgages, sales, transfers, or incumbrances of any kind." *Bibb National Bank* v. *Colson,* 162 *Ga.* 471 (134 S. E. 85) ; *Reynolds* v. *Hardin,* 187 *Ga.* 40 (200 S. E. 119).

4. The Code, § 39-116, declaring that when a defendant in fi. fa. shall point out any property on which to levy the execution, such property being in the hands or possession of a person not a party to a judgment from which such execution issued, the sheriff shall not levy thereon, but shall levy on such property as may be in the possession of such defendant, who shall nevertheless be at liberty to point out what part of his property he desires to be levied on, and that the sheriff shall first levy on and sell that part of the property, if, in his opinion, it is sufficient to satisfy the judgment and costs, is not applicable where the claimant (and not the defendant in fi. fa.) points out certain property of the defendant in fi. fa. which he (the claimant) desires to be levied on and sold. Nor is such Code section applicable where the property is levied on and sold for the non-payment of State, county, or municipal taxes. Likewise, Code, § 39-118, providing that where property is subject to a lien and part of it is sold by the debtor, the part remaining in him shall be first applied to the payment of the lien, and if the property subject to the lien is sold in several parcels at different times, the parcels shall be charged in the inverse order of

their alienation, merely sets forth "a rule of contribution among purchasers, and does not affect the right of a creditor to levy upon any of the parcels subject to the execution. . . Much less would it affect the right of the State and county to levy upon any of the parcels for taxes." *Decatur County B. & L. Asso.* v. *Thigpen,* 173 *Ga.* 363, 365 (160 S. E. 387) ; *Barden* v. *Grady,* 37 *Ga.* 660.

5. In the instant case, Mrs. Forrester sold a house and lot in Leesburg to W. W. Paul, who executed back to her a security deed conveying the property for the balance due on the purchase-price. Paul failed to pay his city taxes for the years 1930 and 1931, and said house and lot were levied on to satisfy the city's tax fi. fas. Mrs. Forrester filed a claim to the property. The house and lot were sold under the power of sale in the security deed and were bought in by the claimant. Under the rulings set forth in the preceding headnotes, the equitable amendment of the claim showed no legal cause why the claim should prevail. The court erred in refusing to strike the amendment, and that error rendered the further proceedings nugatory.

*Judgment reversed. MacIntyre, J., concurs.*

GUERRY, J., concurring specially. In *Barden* v. *Grady,* 37 *Ga.* 660, it was ruled: (1) "Inasmuch as a judgment in Georgia binds all the property of the defendant from its date, equity will not compel the plaintiff to levy on that portion of the property last sold by the defendant and sell that before he can proceed against property sold previously to that last sold." (2) "Where a defendant has sold all his property, a plaintiff in execution may levy on any of such property, subject to the lien of his judgment, at his option, without regard to the order in which defendant sold the different portions." The case of *Craigmiles* v. *Gamble,* 85 *Ga.* 439 (11 S. E. 838), which has since been codified into Code, § 39-118, does not vary the ruling in the *Barden* case, quoted above. The Supreme Court in *Hollinshed* v. *Woodard,* 124 *Ga.* 721 (2) (52 S. E. 815), said: "The general rule laid down in the Civil Code, § 5424 [Code of 1933, § 39-118], that when property subject to a lien is sold in different parcels by the debtor, the part remaining should be first applied to the payment of the lien, and the parcels should be charged in the inverse order of their alienation, is a rule of contribution among the purchasers, and does not affect the right of the creditor to levy upon any of the parcels subject to his exe-

506

cution." In *Decatur County B. & L. Asso.* v. *Thigpin,* supra, the Supreme Court said "much less would it affect the right of the State and county to levy upon any of the parcels for taxes." Irrespective of whether this would or would not conflict with the cases therein named, it would not affect the right of the State, county, or municipality to have its tax execution levied upon any parcel of land on which the taxes were assessed. A tax execution is superior in dignity and legality to an execution issued under a judgment in favor of a creditor, and has priority over such judgment and over any other claim. As was said in the *Hollinshed* case cited above, and followed in the *Craigmiles* case, and is not in conflict under the section quoted, the same is a rule of contribution among purchasers, and does not affect the right of the holder of a valid execution to levy upon any of the parcels and subject them to the execution. A transferee of a tax execution who is *also* a purchaser of some parcel of the property is subject to, and has the benefit of, the rule of contribution as laid down in the Code, § 39-118, as against the defendant and other purchasers. If he is a transferee of such execution without also being a purchaser of any part of the property of the defendant in fi. fa. he stands in the shoes of the transferor of the execution, and is entitled to all his rights. The word "purchaser," as used in the opinions cited, refers to purchasers of the property and not purchasers of the execution.