POWELL *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 8608.    SEPTEMBER 22, 1932.

*Pottle, Hardwick, Farkas & Cobb,* and *Little, Powell, Reid & Goldstein,* for plaintiff in error.

*A. H. Gray, J. W. Bonner, U. V. Whipple, H. A. Wilkinson,* and *W. V. Custer & Son,* contra.

BECK, P. J. (After stating the foregoing facts.) It appears from the agreed statement of facts that Powell's title was founded on a deed as purchaser at sheriff's sale of lands which were alienated by the Powell Land Company, first, by a security deed dated January 25, 1912, to the Southern States Life Insurance Company; and secondly, by warranty deed executed to Wilson and Ivey. Powell as an individual was a stranger to these conveyances, and acquired title as any other purchaser at the sale, having, so far as the record discloses, no interest to protect. It is his claim that the land bought by him should be freed from any part of the burden of taxes, under an application of Code section 6029, which states the "inverse order of alienation" rule, as follows: "Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation." It is contended by the defendants in error that the rule and principle embodied in this section of the Code is not applicable to this case, under the facts thereof. This section is a codification of the principle announced in *Craigmiles* v. *Gamble,* 85 *Ga.* 439 (11 S. E. 838). The following are the facts in that case, as set forth in the official report: G. M. C. Branner being indebted to several creditors, they sued and obtained general

judgments against all his property, upon which writs of execution issued. After these judgments were obtained against Branner, he sold and conveyed to Gamble certain land, by a deed containing a warranty of title, which was also a warranty against all encumbrances. After this deed of conveyance was made by Branner to Gamble, the plaintiffs in error obtained judgments against Branner, which constituted liens upon all the property which Branner then had. The land which had been conveyed to Gamble and other lands and personal property owned by Branner were sold under the older fi. fas., and the money arising from said sale was in the hands of the sheriff for distribution among the creditors of Branner or others having claims upon the funds. The plaintiffs in error, who were the junior judgment creditors of Branner and whose judgments were obtained since the conveyance by Branner to Gamble, brought a rule against the sheriff to distribute this fund. These junior judgment creditors contended that the money arising from the sale of the land conveyed to Gamble should be first applied to the payment of the older judgment liens, inasmuch as they could not participate in that fund, their judgments having been obtained since the sale and conveyance of the land by Branner to Gamble. Gamble contended that the older judgment liens prior in date to his conveyance should be paid first out of the money in the sheriff's hands which arose from the sale of all the property of Branner, and not out of the fund arising from the sale of the land conveyed by Branner to himself. The trial court decided that the judgment liens antedating the deed from Branner to Gamble should be first paid out of the funds arising from the sale of the property of Branner which was left after the conveyance to Gamble. To this decision the junior judgment creditors excepted. But this court, upon review of the case, affirmed the judgment.

Under the principle ruled in that case, now codified, in view of the facts upon which the ruling was predicated, we are of the opinion that that ruling is applicable to the present case. While the section referred to is a codification of the principle ruled in *Craigmiles* v. *Gamble,* there is another Georgia decision, *Cumming* v. *Cumming,* 3 *Ga.* 460, in which there is a very thorough discussion of the principle involved here; and the principle announced in that case is illustrated by a great wealth of authorities to be found both in English and American cases. And it might be well said

that while it is stated that § 6029 of our Code is a codification of the principle announced in the *Craigmiles* case, that case and this principle are really based upon the case of *Cumming* v. *Cumming,* supra. We will not attempt to set forth the authorities or to restate the reasoning of Judge Lumpkin in the *Cumming* case. The discussion of the controlling question involved begins in the *Cumming* case in 3 *Ga.* on page 466, and continues for more than ten pages, filled with strong reasoning and abundant citations of English and American authorities and lengthy quotations from the decisions contained in those authorities. In the *Craigmiles* case, in the course of the decision Justice Blandford said: "It may be stated as a general rule, that, in cases like this, if the equities of the contesting parties are precisely the same, and one not superior to the other, the doctrine of contribution would prevail; that is, the whole fund would be first made to bear the payment of the superior lien, so as to make each fund of the contestants bear its ratable proportion towards extinguishing the superior lien. But where one of the contesting parties has a superior equity over the other, the rule of contribution does not exist. And in a case like this, the first question to be solved is, which equity of the parties claiming the fund is the superior?" And, as we have said, the judgment of this court in that case affirmed the judgment of the court below. In *Merchants National Bank of Rome* v. *McWilliams,* 107 *Ga.* 532 (33 S. E. 860), it was held: "When property is sold and conveyed by a common grantor at different times and to different purchasers, and taxes having a lien on all the property sold are due, the last property sold is primarily bound for the payment of all such taxes." It was further held that the sale by the sheriff of property under the foreclosure of a mortgage is in law to be treated as a sale by the owner, and that when such sale was of the last parcel of property sold, the owner being insolvent, that parcel of property is chargeable with the payment of all taxes due by the owner to the State and county at the time of the sale.

Counsel for defendants in error insist that the case is controlled by the decision in *Phœnix Mutual Life Insurance Co.* v. *Bank of Kestler,* 170 *Ga.* 734 (154 S. E. 247). We do apply certain principles there stated, but the ruling upon the controlling question in that case was based upon facts that are different from this case. The contest there was between lienholders, and the parties at

738

interest did not occupy the position of a purchaser, as does the plaintiff in error in the present case. The case of *Federal Land Bank of Columbia* v. *DeLoach,* 172 *Ga.* 281 (157 S. E. 477), is also cited by the defendants in error; but an examination of the brief statement of facts in that case will show that they differ from the facts in this case, in that the contest there was between lienholders, and DeLoach's ownership of one of the tracts of land was not of such a character as to render the ruling there made authority for the principle insisted upon by counsel for defendants in error in the present case. We do not think that the ruling in *Phœnix Mutual Life Ins. Co.* v. *Bank of Kestler,* supra, is to be given the effect insisted upon by the defendants in error. On the contrary we think that much of the reasoning in that case points to the conclusion which we have reached in this case as the correct one, although, under the facts of that case and as between those parties, it was held that the burden of discharging the lien of the tax execution should be apportioned between the two lien creditors.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*

Gilbert, J. Under the rulings made in *Phœnix Mutual Life Insurance Co.* v. *Bank of Kestler,* 170 *Ga.* 734 (supra), and authorities cited, the judgment of the trial court should be affirmed. That case is controlling authority. In the case just mentioned a large number of decisions by this court are analyzed and classified. The rule adopted, by which the court will determine whether taxes will be prorated is determined by the facts. If the tax liens accrued before the security deeds were executed, the principles stated in the Civil Code (1910), § 6029, are applicable. On the other hand, if the tax lien accrued after the security deeds were executed, the taxes are prorated, as held by the trial court in the present case. In the present case the tax liens accrued after all the security deeds had been executed. Mr. Justice Atkinson concurs in this dissent.