## FEDERAL LAND BANK OF COLUMBIA *v.* MOULTRIE BANKING COMPANY.

No. 9479.   January 1, 1934.

*Hoyt H. Whelchel,* for plaintiff in error.   *W. G. Martin,* contra.

ATKINSON, J.  In 1922 S. W. Dunn executed a security deed conveying a tract of land containing 371.1 acres to the Federal Land Bank, which deed contained a power of sale.  In 1928 the grantor died intestate and insolvent.  During the same year his equity in the land and all other property of his estate were set apart to his widow, Mrs. Bessie Dunn, as a year's support for herself and minor children.  In 1929 the land conveyed by the security deed and certain live stock included in the year's support, and a separate tract of land containing 173 acres, the individual property of the widow, encumbered by an outstanding security deed to the Federal Land Bank, was returned by the widow in her own name for state and county taxation.  In December of that year a tax execution was issued against the widow in personam, for taxes based on said tax return for the year 1929.  In 1930 the Federal Land Bank under exercise of the power of sale contained in the security deed sold the 371.1-acre tract of land at public outcry, and

became the purchaser. During the same year, the Federal Land Bank being about to sell the 173-acre tract under power of sale, the debt was paid off by the Moultrie Banking Company for itself and Mrs. W. C. Vereen. Thereafter, on May 13, 1930, the widow executed a deed expressing as consideration the amount so paid to the Federal Land Bank and conveying the same 173-acre tract to Mrs. W. C. Vereen and the Farmers Land Company, a subsidiary of the Moultrie Banking Company. The Farmers Land Company paid the Moultrie Banking Company "a pro rata share" of the tax on the 173-acre tract and on the live stock. Mrs. Vereen paid "a pro rata share" of the tax on the 173-acre tract. In April or May, 1930, the Moultrie Banking Company released the tax lien as against the 173-acre tract. On June 24, 1931, at the instance of the Moultrie Banking Company as transferee under transfer dated March 29, 1930, the tax fi. fa. against the widow was levied by the sheriff on 50 acres of the 371.1-acre tract of land purchased by the Federal Land Bank as the property of the widow, in order to collect the amount of tax due on that land for the year 1929. The Federal Land Bank interposed a claim, and an equitable amendment in aid of it, in which it was alleged that, on the agreed facts as substantially above set forth, the property claimed had been released from all liens for taxes and was not liable for any of the taxes set out in the fi. fa. The claimant moved also to dismiss the levy on the ground that the tax execution was void, because it was neither signed nor issued by the tax-collector. After a hearing the judge, trying the case without a jury, overruled the motion to dismiss the levy, and entered judgment that the property was subject for the amount of the tax. The claimant excepted.

In the Civil Code, §§ 1151, 1211, par. 6, it is made the duty of county tax-collectors to *issue* tax executions against tax defaulters, as therein declared. If a tax-collector for convenience causes executions against tax defaulters to be printed, bearing his official signature thereto in print, but leaving blank spaces in which to write the names of persons against whom and the amount for which each should be issued, and places them in his office and directs his clerk to "fill them out," and the clerk fills out the blanks appropriately as against individual tax defaulters, and with the knowledge and consent of the tax-collector they are delivered to the sheriff for enforcement, such action is a sufficient issuance of

the several executions delivered to the sheriff, and they and the levy thereof by the sheriff are not void on the ground, as contended, that the printed papers were not signed by the hand of the tax-collector or by some one in his presence at his request. The judge did not err in overruling the motion to dismiss the levy.

■ The purchase by the Federal Land Bank at the sale in pursuance of the power of sale contained in the security deed was subject to the lien of the outstanding tax fi. fa., and did not divest that lien. The facts of the case do not bring it within the principles of the Civil Code, § 6029, providing: "'Where property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation." The case differs on its facts from *Powell* v. *Federal Land Bank of Columbia,* 175 *Ga.* 732 (165 S. E. 817), and similar cases.

■ The agreed statement of facts should be construed as admitting that the proportionate part of the tax due on the 173-acre tract was paid to the Moultrie Banking Company as assignee of the tax fi. fa. Under such construction the judge was authorized to find that there had been no such release of said 173-acre tract from the lien of the tax fi. fa. as, under the Civil Code, § 6048, would discharge the lien of the fi. fa. against the 50 acres of land constituting the subject of the claim case. The judge did not err in finding the property subject for the amount set forth in the judgment.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting, Hill, J., absent, and Bell, J., disqualified.*